OPINION
 

 JOHN S. ANDERSON, Justice.
 

 Appellants, Patsy Franco, individually and as next friend of her four children Jesse Ryan, Alyssa, Victoria, and Pete Villanueva, and Jesse Villanueva, her husband, appeal summary judgments granted
 
 *766
 
 in favor of appellees. This suit arises from a claim filed by Patsy Franco, the insured, with her insurer seeking coverage under a fire and extended coverage insurance policy for damage caused by a plumbing leak in her home. Appellants, Patsy Franco and her family, filed suit against appellees, the insurer, adjuster, and individuals who handled the insurance claim, alleging breach of contract and extra-contractual causes of action stemming from alleged misrepresentations made concerning the policy and the handling of the claim. We affirm.
 

 Factual and Peocedural BackgRound
 

 On June 18, 2000, Patsy Franco noticed water on her porch. It was discovered that the water was the result of a plumbing leak in her home. She notified her insurer, Slavonic Mutual Fire Insurance Association, of the plumbing leak and sought coverage for the cost of repairing the damage caused by the plumbing leak under a fire and extended coverage insurance policy issued by Slavonic insuring her home from certain losses.
 
 [1]
 

 Jed Walzel, secretary of Slavonic, acknowledged Franco’s claim and hired Southland Services, Inc. to inspect the premises at Franco’s residence and adjust the claim. Southland assigned the claim to individual adjustors Ernie Afflitto and Carl King. King contacted Franco about her claim and instructed her to contact a plumber. The section of the pipe that was leaking was located within the wall cavity, and King authorized the kitchen wall to be opened for plumbing repairs. It was discovered that the leak was caused by a hole in a drain pipe connected to the kitchen sink that leaked only when the sink was used. Franco did not know how long the pipe had been leaking.
 

 After the plumbing repairs were made, King returned to Franco’s home, inspected the damage, and prepared an estimate of the repairs. On July 7, 2000, King sent his estimate of the cash value of the repairs to Slavonic. King estimated the amount of the actual cash value of the repairs as $3,930.55, less a $250 deductible, for a total cash value of $3,680.55. On July 18, 2000, Slavonic tendered a check in that amount to Franco. Slavonic also paid an invoice in the amount of $285 for emergency services at the Franco residence related to the plumbing leak. Franco did not cash the check for $3,680.55.
 

 On July 21, 2000, Southland was notified by John Kubala, Franco’s designated appraiser, that Franco was invoking the appraisal provision of the Slavonic policy. On July 31, Walzel received a fax from Southland transmitting Franco’s demand for appraisal. The appraisal provision in the policy provides the following:
 

 Appraisal. In case the insured and this Company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then, on request of the insured or this Company, such umpire shall be selected by a judge of a district court of a judicial district where the loss occurred. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and, failing to agree, shall submit their differences only to the umpire. An award in writing, so item
 
 *767
 
 ized, of any two when filed with this Company, shall determine the amount of actual cash value and loss. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally.
 

 On August 14, 2000, Afflitto notified Kuba-la that Slavonic designated Sergio Garibay as its appointed appraiser.
 

 In mid-July 2000, prior to Garibay’s appointment as Slavonic’s appraiser, South-land had contacted Garibay to examine the premises of the Franco home and determine the cause of the damage, and Garibay issued a report regarding his examination of the Franco residence and his findings. Franco protested Garibay’s appointment as Slavonic’s appraiser because of his previous investigation of the leak. However, on October 4, 2000, Kubala and Garibay agreed on the appointment of Lynn Taylor as the umpire, and the appraisal process moved forward.
 

 Franco and Kubala claimed mold in Franco’s home was caused by water from the plumbing leak and needed to be tested. Kubala estimated the cost of repair as $12,397.72. Garibay disagreed with Kuba-la’s estimate and, instead, agreed with an estimate prepared by Southland estimating the cost of repair as $4,002.
 
 [2]
 

 On December 28, 2000, Taylor sent a proposed appraisal award to Kubala and Garibay proposing $8,273.53 as the cost of repair and $6,863.03 as the amount of the loss with depreciation deducted. Taylor’s proposed award included an allowance for “mold treatment” but not for any special remediation effort because Taylor had “not been presented with any information that the mold condition that presently exists is one that warrants special environmental remediation.”
 

 On January 13, 2001, Taylor submitted a revised, proposed award to Kubala and Garibay. Taylor and Kubala both agreed to the revised proposed award of $8,350.51 for the cost of repair and $6,902.03 for the actual amount of loss, and Slavonic paid Franco $6,652.03 on January 22, which represented the actual value of the loss as determined by the revised, proposed award agreed to by Kubala and Taylor, less the $250 deductible specified in the policy. Franco accepted payment and deposited the check.
 

 In June 2001, appellants filed suit against Slavonic, Walzel, Southland, Afflit-to, and King, alleging violations of Texas Insurance Code articles 21.21 and 21.55 and the Texas Deceptive Trade Practices Act (“DTPA”) and claims of negligent misrepresentation, fraud, breach of contract, breach of the duty of good faith and fair dealing, breaches of warranty, unconscionable conduct, gross negligence, and malice. All of appellants’ claims stem from alleged misrepresentations made by appellees concerning the policy and its coverage and the appellees’ alleged mishandling of Franco’s claim.
 
 [3]
 
 Appellants sought economic and mental anguish damages, treble damages under the DTPA, exemplary damages, and attorney’s fees.
 

 In April 2003, Slavonic and Walzel filed a joint motion for summary judgment (“Slavonic’s motion”) asserting traditional and no-evidence grounds as follows:
 

 1. The Plaintiffs submitted their contractual claim to binding appraisal under the policy [and the appraisal award] was paid by Defendant Slavonic;
 

 
 *768
 
 2. The Plaintiffs are estopped to claim additional damages under the policy of insurance since they have retained the benefit of the appraisal award paid by Slavonic;
 

 3. The Plaintiffs’ contractual claims are not covered under the policy because the plumbing leak was not sudden but was a repeated leak over at least a period of weeks;
 
 [4]
 

 4. The summary judgment evidence establishes that no misrepresentation/fraud took place, the claims are barred by the applicable statute of limitations, or, in the alternative there is no evidence to support Plaintiffs’ misrepresentation/fraud claims;
 

 5. The summary judgment evidence establishes compliance with the provisions of Art. 21.55 of the Texas Insurance Code as a matter of law;
 

 6. There is no evidence to support Plaintiffs’ claims of violations of Art. 21.21 of the Texas Insurance Code or the Texas DTPA or that Plaintiffs were damaged thereby;
 

 7. There is no evidence to support Plaintiffs’ Art. 21.21, DTPA and misrepresentation/fraud claims against Jed Walzel; and
 

 8. There is no evidence that Slavonic or Walzel prevented Plaintiffs from remediating their premises or intentionally, knowingly, recklessly or negligently caused the minor Plaintiffs any bodily injury.
 

 Appellants filed a response and specially excepted to Slavonic’s motion, contending it is unclear what type of summary judgment motion, traditional or no-evidence, Slavonic filed. The trial court specifically denied Slavonic’s motion for summary judgment with respect to the lack of coverage ground, but granted the motion in all other respects, ordering that appellants take nothing as to Slavonic and Walzel.
 

 In June 2003, Southland, Afflitto, and King jointly moved for summary judgment (“Southland’s motion”) on both traditional and no-evidence grounds. Southland’s motion alleged summary judgment was proper based on the following: (1) because appellants’ claims against Slavonic failed, their claims against Slavonic’s agents, Southland, King, and Afflitto, also must fail; (2) appellants’ acceptance of the appraisal award waives appellants’ claim for insurance benefits; (3) the summary judgment evidence shows Slavonic paid Franco’s plumbing-leak claim in its entirety as determined by appraisal, thus Southland, King, and Afflitto are entitled to summary judgment on appellants’ DTPA and insurance code claims premised upon the contention that the claim was denied; and (4) appellants have no evidence to support certain elements of their article 21.21, DTPA, and negligence/gross negligence claims. In August 2003, the trial court signed a “Final Judgment of Dismissal” granting Southland’s summary judgment motion.
 

 Discussion
 

 Appellants challenge the summary judgments rendered in favor of appellees Sla
 
 *769
 
 vonic, Walzel, Southland, King, and Afflitto in five issues, arguing: (1) the trial court abused its discretion in overruling their special exception to Slavonic’s motion; (2) Slavonic’s payment of the appraisal award does not dispose of appellants’ breach of contract claim; (3) Slavonic’s motion fails to show there are no fact issues as to any elements of appellants’ extra-contractual causes of action; (4) Southland’s motion does not establish that there are no fact issues as to any elements of appellants’ extra-contractual causes of action; and (5) fact issues preclude no-evidence summary judgment in favor of Southland, Afflitto, and King.
 

 Standard of Review
 

 The movant for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c);
 
 Nixon v. Mr. Prop. Mgmt. Co.,
 
 690 S.W.2d 546, 548 (Tex.1985). We review the summary judgment evidence using familiar standards of review.
 
 See Dolcefino v. Randolph,
 
 19 S.W.3d 906, 916-17 (Tex.App.-Houston [14th Dist.] 2000, pet. denied).
 

 A defendant moving for traditional summary judgment assumes the burden of showing as a matter of law the plaintiff has no cause of action against him.
 
 Levesque v. Wilkens,
 
 57 S.W.3d 499, 503 (Tex.App.Houston [14th Dist.] 2001, no pet.). Traditional summary judgment for a defendant is proper only when the defendant negates at least one element of each of the plaintiffs theories of recovery, or pleads and conclusively establishes each element of an affirmative defense.
 
 Science Spectrum, Inc. v. Martinez,
 
 941 S.W.2d 910, 911 (Tex.1997). A defendant may file a “no evidence” motion for summary judgment, after sufficient time for discovery has passed, if there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial.
 
 See
 
 Tex.R. Civ. P. 166a(i). As with the traditional summary judgment, in reviewing a “no evidence” summary judgment, we review the evidence in the light most favorable to the non-movant and disregard all evidence and inferences to the contrary.
 
 Coastal Conduit & Ditching, Inc. v. Noram Energy Corp.,
 
 29 S.W.3d 282, 284 (Tex.App.-Houston [14th Dist.] 2000, no pet.).
 

 Because the propriety of summary judgment is a question of law, we review the trial court’s decision de novo.
 
 See Provident Life & Accident Ins. Co. v. Knott,
 
 128 S.W.3d 211, 215 (Tex.2003). In an appeal from a summary judgment, issues an appellate court may review are those the movant actually presented to the trial court.
 
 Travis v. City of Mesquite,
 
 830 S.W.2d 94, 100 (Tex.1992). When the trial court grants summary judgment specifically on fewer than all grounds asserted, Rule 166a does not prevent an appellate court from affirming the judgment on other grounds the parties properly raised before the trial court.
 
 Cincinnati Life Ins. Co. v. Cates,
 
 927 S.W.2d 623, 625 (Tex.1996). If the trial court grants a motion for summary judgment without stating the grounds on which it relied, we must affirm the summary judgment if any ground argued in the motion was sufficient.
 
 Star-Telegram, Inc. v. Doe,
 
 915 S.W.2d 471, 473 (Tex.1995);
 
 Blan v. Ali,
 
 7 S.W.3d 741, 747-48 (Tex.App.-Houston [14th Dist.] 1999, no pet.).
 

 I. Slavonic’s Motion for Summary Judgment
 

 A. The Special Exception to Slavonic’s Motion for Summary Judgment
 

 In issue one, appellants challenge the trial court’s denial of their special exception to Slavonic’s motion. In their response to Slavonic’s motion, appellants
 
 *770
 
 complained by special exception that Slavonic’s motion was vague and unclear in that they were unable to tell whether the motion was a traditional, no-evidence, or a hybrid motion for summary judgment.
 
 [5]
 
 Appellants requested that Slavonic be required to replead the motion for summary judgment with more specificity “so as to identify what type of motion it is and clearly distinguish between traditional grounds and any no-evidence grounds asserted.”
 

 When a summary judgment is attacked on specificity grounds, a special exception is required.
 
 McConnell v. Southside Indep. Sch. Dist.,
 
 858 S.W.2d 337, 342 (Tex.1993) (“An exception is required should a non-movant wish to complain on appeal that the grounds relied on by the movant were unclear or ambiguous.”). The excepting party must obtain a ruling on the special exception to preserve the issue for appeal.
 
 McConnell,
 
 858 S.W.2d 337, 343 n. 7;
 
 Dolcefino,
 
 19 S.W.3d at 925-26;
 
 see also Rosas v. Hatz,
 
 147 S.W.3d 560, 562 (Tex.App.-Waco, 2004, no pet. h.) (refusing to infer a ruling on a special exception based only upon the trial court’s disposition of the summary judgment motion standing alone);
 
 Well Solutions, Inc., v. Stafford,
 
 32 S.W.3d 313, 316-17 (Tex.App.-San Antonio 2000, no pet.) (holding “a trial court’s ruling on an objection to summary judgment evidence is not implicit in its ruling on the motion for summary judgment; a ruling on the objection is simply not ‘capable of being understood’ from the ruling on the motion for summary judgment”). As a general rule, a complaint is preserved for appellate review only if the record establishes the complaint was made known to the trial court in a timely manner, and the trial court ruled on the complaint.
 
 See
 
 Tex. R.App. P. 33.1(a).
 

 Appellants concede that the trial court did not explicitly rule on their special exception. Instead, appellants contend that the trial court
 
 implicitly
 
 overruled their special exception pursuant to Rule 33.1 by (1) granting Slavonic’s motion and not requiring Slavonic to replead its summary judgment grounds, and (2) refusing to sign an order setting forth its denial of the special exception or the bases for granting Slavonic’s motion for summary judgment when appellants reurged the special exception in their motion for reconsideration.
 
 See
 
 Tex.R.App. P. 33.1(a)(2)(A). Slavonic and Walzel contend that appellants have waived appellate review of this issue by not obtaining a ruling on their special exception in the court below.
 

 We examine the record to determine whether or not appellants obtained a ruling on the special exception. First, with regard to appellants’ arguments pertaining to their motion for reconsideration, despite their assertions to the contrary,
 
 nowhere
 
 in the motion for reconsideration do appellants request the trial court to reconsider or rule on the special exception. Thus, the trial court’s denial of the motion for reconsideration is not an implicit ruling on their special exception.
 
 See Alejandro v. Bell,
 
 84 S.W.3d 383, 388 (Tex.App.Corpus Christi 2002, no pet.) (holding trial court implicitly ruled on objections to summary judgment evidence where the appellant complained in his motion for new trial of the trial court’s refusal to rule on his objections).
 

 Second, we address appellants’ contention that the trial court’s order granting summary judgment in favor of Slavonic constitutes an implicit denial of appellants’ special exception. Appellants contend a denial is implied because the trial court did
 
 *771
 
 not order Slavonic to replead its motion for summary judgment. Slavonic and Walzel counter that the entry of summary judgment could just as easily evidence an abandonment of the issue in the trial court by appellants and, in addition, holding the entry of a summary judgment constitutes an implicit denial of a special exception would render the refusal to rale provision of Rule 33.1(a) meaningless.
 

 In light of the relevant rules and case-law, we simply are unable to infer from the record in this case that the trial court implicitly overruled or implicitly made any ruling regarding appellants’ special exception.
 
 See Dolcefino,
 
 19 S.W.3d at 926-27. The summary judgment order does not mention the special exception, and a ruling on the special exception cannot be inferred based solely upon the disposition of Slavonic’s summary judgment motion. Appellants were required to obtain a ruling, and they failed to do so.
 
 [6]
 
 Having failed to preserve the issue for review, we overrule appellants’ first issue.
 

 B. The Appraisal Award
 

 In issue two, appellants assert (1) the appraisal award should be set aside because the appraisal was not conducted in substantial compliance with the insurance policy, and (2) even if the appraisal award is valid, Slavonic’s payment of the appraisal award is not dispositive of the breach of contract action alleged against Slavonic and Walzel.
 
 [7]
 

 Appellants contend the appraisal award should be set aside because Garibay was an interested, prejudiced, and biased appraiser, due to his status as an investigating engineer for Southland and the fact that he already had issued a report containing his opinions regarding the scope of appellants’ damages and coverage prior to his appointment as appraiser. Additionally, for the first time on appeal, appellants contend that the award should be set aside because Garibay did not follow the procedure for the appraisal process because he did not submit an appraisal for consideration by Kubala or Taylor in accordance with the appraisal provision of the policy.
 

 Because appellants did not raise the second asserted basis for setting aside the
 
 *772
 
 appraisal award in their response to Slavonic’s motion in the trial court, we may only examine whether the summary judgment evidence raised a fact issue as to whether Garibay was biased and, if so, whether evidence of such bias raises a fact issue as to the appraisal award’s validity.
 
 [8]
 

 See
 
 Tex.R.App. P. 33.1(a);
 
 City of Houston v. Clear Creek Basin Auth.,
 
 589 S.W.2d 671, 678 (Tex.1979).
 

 Texas courts have long held that appraisal awards made pursuant to the provisions of an insurance contract are binding and enforceable, and every reasonable presumption will be indulged to sustain an appraisal award.
 
 Providence Lloyds Ins. Co. v. Crystal City Indep. Sch. Dist.,
 
 877 S.W.2d 872, 875 (Tex.App.-San Antonio 1994, no writ). The effect of an appraisal provision is to estop one party from contesting the issue of damages in a suit on the insurance contract, leaving only the question of liability for the court.
 
 Wells v. American States Preferred Ins. Co.,
 
 919 S.W.2d 679, 683-85 (Tex.App.-Dallas 1996, writ denied) (analyzing similar appraisal provision and concluding authority of appraisal panel limited to determining only the amount of loss). Because every reasonable presumption will be indulged to sustain an appraisal award, the burden of proof is on the party seeking to avoid the award.
 
 Barnes v. Western Alliance Ins. Co.,
 
 844 S.W.2d 264, 267 (Tex.App.-Fort Worth 1992, writ dism’d by agr.). Texas courts recognize three situations in which the results of an otherwise binding appraisal may be disregarded: (1) when the award was made without authority; (2) when the award was made as a result of fraud, accident, or mistake; or (3) when the award was not in compliance with the requirements of the policy.
 
 Wells,
 
 919 S.W.2d at 683;
 
 Providence Lloyds Ins. Co.,
 
 877 S.W.2d at 875.
 

 Appellants argue that exception (1) applies; specifically, that “Garibay had a predetermined opinion as to what the scope of his appraisal would be and was, therefore, bias[ed] against the Franco family.” We are required to view the summary judgment proof in the light most favorable to appellants and to resolve against Slavonic any doubt as to the existence of a genuine issue of material fact. The evidence relied upon by appellants to support their claim of bias consists of (1) Franco’s statement in a deposition excerpt that Garibay was an engineer hired by Southland to inspect their home and that he was appointed as an appraiser, and (2) Garibay’s affidavit in which he acknowledges being hired by Southland in mid-July 2002 to conduct an examination of appellants’ house in order to determine the cause of the damage from a plumbing leak and discusses his observations and conclusions concerning the leak.
 

 Upon reviewing the record before us, we find appellants have not presented summary judgment proof of Garibay’s bias against the Franco family, thus no fact issue was presented. The showing of a pre-existing relationship, without more, does not support a finding of bias.
 
 See Allison v. Fire Ins. Exchange,
 
 98 S.W.3d 227, 255 (Tex.App.-Austin 2002, pet. grant
 
 *773
 
 ed, judgm’t vacated w.r.m.);
 
 Gardner v. State Farm Lloyds,
 
 76 S.W.3d 140, 143-44 (Tex.App.-Houston [1st Dist.] 2002, no pet.). Here, the summary judgment evidence shows that Garibay was hired by Southland “to examine the premises” and “determine the cause of the damage, possibly from a reported sink drain line leak.” Garibay was not an employee of Slavonic, and Garibay’s report and conclusions regarding the cause of the plumbing leak were his own. There is no evidence suggesting that Slavonic influenced or exercised control over Garibay, that Garibay had a financial interest in Franco’s claim, or that Garibay’s previous inspection of the premises somehow factored into his damages valuation. Moreover, the final appraisal award was entered into by Kubala, Franco’s appraiser, and the umpire. Viewing the evidence in the light most favorable to appellants, the evidence does not raise a fact issue as to Garibay being biased against appellants.
 

 Appellants further allege that “payment of an appraisal award is not dispositive of the Franco Family’s entire breach of contract cause of action against Slavonic Mutual.” Slavonic counters that the appraisal award is binding and enforceable. The summary judgment record reveals that Slavonic did not deny Franco’s claim. Rather, Slavonic paid the full amount of the appraisal award to Franco, and Franco accepted payment of the award. The award is binding and enforceable. Under these circumstances, appellants are estopped by the appraisal award from maintaining a breach of contract claim against Slavonic.
 
 See Gardner,
 
 76 S.W.3d at 143-44 (affirming summary judgment where there was no evidence raising a fact issue about whether the insurer’s appraiser lacked independence). We hold summary judgment was proper in favor of Slavonic on appellants’ breach of contract claim.
 

 We overrule appellants’ second issue.
 

 C. Appellants’ Extra-Contractual Claims Against Slavonic and Walzel
 

 In issue three, appellants contend Slavonic’s motion for summary judgment did not conclusively establish that there are no genuine issues of material fact as to any element of appellants’ extra-contractual causes of action. Specifically, appellants argue that Franco and Villanueva’s lack of knowledge regarding the breaches and/or violations is not dispositive of the merits of their extra-contractual causes of action.
 

 With regard to appellants’ extra-contractual claims, Slavonic and Walzel moved for summary judgment based on the following grounds: (1) there is no evidence that Slavonic or Walzel misrepresented the terms of the policy or made any false representations, statements, or advertisements concerning coverage afforded by the policy; (2) the summaiy judgment evidence shows there was no false advertisement or misleading or false statement or representation made to Franco in the sale of the insurance policy; (3) any misrepresentations or fraud regarding the policy’s coverage when it was purchased would have occurred, if at all, in February 1996 and are barred by limitations; (4) any misrepresentations made concerning the policy or appellants’ claim were not the producing cause of any damages to appellants because Slavonic paid the amount of the loss as determined by the appraisal; (5) even if Slavonic denied appellants’ claim, the damage resulting from the plumbing leak was not a covered loss or was specifically excluded from coverage by the policy; (6) there is no evidence Slavonic failed to meet the time deadlines imposed by article 21.55, or, alternatively, the summary judgment evidence conclusively established Slavonic met the time deadlines of article 21.55; and (7) there is no evidence that appellants sustained bodily
 
 *774
 
 injury or that Slavonic or Walzel acted criminally, negligently, recklessly, intentionally, or knowingly to cause any bodily injury.
 

 In response, appellants cite to the following evidence as raising a fact issue with regard to Slavonic’s alleged violations of article 21.21 of the Texas Insurance Code and the DTPA in the sale of the policy: (1) Villanueva’s deposition testimony that he was told the policy “was a standard policy that homeowners have” and that he was led to believe that they “had the max[imum]” coverage; and (2) Franco’s deposition testimony that she thought the Slavonic policy was the same as any other insurance policy, and that this evidences an omission of fact regarding the policy by Slavonic’s representative. Appellants further contend the following evidence shows Slavonic and Walzel violated the Insurance Code and the DTPA during the claim-handling process: (1) Franco’s deposition testimony that King told her that the policy covers damage from plumbing leaks so long as the plumbing leak is above the foundation slab; and (2) Villanueva’s testimony, in response to being asked what was the first conversation he recalled having with Walzel, that “I don’t recall the first one. I know a conversation was related to the — where we weren’t happy about what was going to be done to the house and we had — God, I can’t recall, but I know his response was, Well, you hired an appraiser. He needs to represent ya’ll now.’” Additionally, appellants cite the following evidence as proof showing they were met with resistance and delay: (1) Franco’s testimony that Slavonic “took forever” to name their appraiser, and that when she disputed Garibay as the appraiser, that it took another 20 to 30 days, “somewhere around there,” to rename Garibay; and (2) Villanueva’s testimony that he felt “nothing was getting resolved.” Finally, appellants cite to Walzel’s deposition testimony in which he states that he does not know the provisions of article 21.21 “off the top of [his] head” as evidence that Walzel “has a complete lack of understanding with regard to the provisions and requirements of [the] Texas Insurance Code.”
 

 1. Walzel’s No-Evidence Motion for Summary Judgment
 

 The only evidence appellants cite in support of their extra-contractual claims asserted against Walzel are (1) Walzel’s statement that he did not know the specific provisions of article 21.21 of the Texas Insurance Code off the top of his head, and (2) Villanueva’s statement that Walzel told them to contact their appraiser during the appraisal process. Appellants do not explain how these statements raise a fact issue on their article 21.21, DTPA, and negligence claims alleged against Walzel. We conclude the two cited statements do not raise a fact issue on appellants’ extra-contractual claims alleged against Walzel. Additionally, the record shows appellants did not present any evidence of bodily injury or any evidence that Walzel acted criminally, negligently, intentionally, or knowingly to cause any bodily injury. Accordingly, we overrule appellants’ issue three as to Walzel.
 

 2. Article 21.55 Violations
 

 We next address appellants’ article 21.55 claims against Slavonic. Appellants do not complain on appeal of the summary judgment in favor of Slavonic on their article 21.55 claims. Furthermore, viewing the evidence in the light most favorable to appellants, there is no evidence raising a fact issue about Slavonic’s compliance with the time deadlines imposed by article 21.55. Accordingly, summary judgment in favor of Slavonic was proper on appellants’ article 21.55 claims.
 

 3. Statutes of Limitations
 

 Slavonic asserted in its motion for summary judgment that appellants’ misrepre
 
 *775
 
 sentation, fraud, DTPA, and article 21.21 claims stemming from alleged misrepresentations made by Slavonic in the sale of the policy are barred by statutes of limitations.
 

 A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense and must conclusively prove when the cause of action accrued.
 
 KPMG Peat Marwick v. Harrison County Housing Finance Corp.,
 
 988 S.W.2d 746, 748 (Tex.1999). Additionally, a defendant must negate the discovery rule, if it applies and has -been pleaded or otherwise raised, by proving as a matter of law that there is no genuine issue of material fact about when the plaintiff discovered, or in the exercise of reasonable diligence should have discovered, the nature of its injury. If the movant establishes that the statute of limitations bars the action, the nonmovant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations.
 
 Id.
 

 Generally, a cause of action accrues when a wrongful act causes an injury, regardless of when the plaintiff learns of the injury.
 
 Moreno v. Sterling Drug, Inc.,
 
 787 S.W.2d 348, 351 (Tex.1990). We note that appellants did not respond to Slavonic’s statute of limitations summary judgment ground in the trial court or on appeal. Because appellants did not raise the discovery rule, Slavonic is not required to negate the applicability of the discovery rule by proving as a matter of law that there is no genuine issue of fact concerning the date when the Franco’s discovered or should have discovered the injury. Here, the summary judgment evidence shows that Slavonic sold Franco the policy in February 1996, and that this suit was filed June 14, 2001, over five year’s later.
 

 We conclude Slavonic proved as a matter of law that the statutes of limitations bar appellants’ fraud, negligent misrepresentation, DTPA, and article 21.21 claims stemming from alleged misrepresentations Slavonic made when the policy was purchased in 1996.
 
 See
 
 Tex Bus. & Com.Code Ann. § 17.565 (Vernon 2002) (providing two-year statute of limitations for claims filed under the DTPA); Tex. Civ. Pkac.
 
 &
 
 Rem.Code Ann. §§ 16.003, 16.004 (Vernon 2002) (providing two and four-year statute of limitations, respectively, applicable to causes of action for negligent misrepresentation and fraud); Tex. Ins.Code Ann. art. 21.21, § 16(d) (Vernon Supp.2004) (providing two-year statute of limitations applicable to actions brought under article 21.21). We affirm the summary judgment in favor of Slavonic on appellants’ extra-contractual claims stemming from the sale of the policy-
 

 4. Article 21.21 and DTPA Violations
 

 Slavonic moved for summary judgment on the ground that there is no evidence that appellants suffered any damages from the alleged violations of article 21.21 and the DTPA. Appellants did not produce any summary judgment evidence of damages in their response. Accordingly, we conclude that summary judgment in favor of Slavonic on these claims was proper.
 

 5. Other Claims
 

 Slavonic also moved for summary judgment on the ground that there is no evidence that it prevented Franco from remediating the damage to her home or caused the minor appellants any injury. Appellants did not introduce any evidence in response to these grounds, nor do appellants contest these grounds on appeal. Accordingly, we affirm the summary judgment on these grounds.
 

 We overrule appellants’ third issue.
 

 II. Southland’s Motion for Summary Judgment
 

 In issues four and five, appellants argue summary judgment was improper for
 
 *776
 
 Southland
 
 [9]
 
 because (1) Southland did not conclusively disprove appellants’ “extra-contractual” causes of action; (2) South-lands’ no-evidence motion was legally insufficient; and (3) fact issues precluded no-evidence summary judgment in favor of Southland. We first address appellants’ complaints regarding Southland’s no-evidence motion.
 

 Appellants argue that the no-evidenee motion is legally insufficient because it does not identify the elements that are being challenged. However, contrary to appellants’ assertions, Southland’s no-evidence motion adequately sets forth the elements as to which there is no evidence, and we overrule this subissue.
 

 In fact, Southland’s no-evidence summary judgment motion specifically alleges that there is no evidence of damages with regard to appellants’ claims that Southland violated article 21.21 by: wrongfully denying Franco’s claim; falsely stating the policy does not cover the claim; not attempting in good faith to effectuate a prompt, fair, and equitable settlement of the claim; not promptly providing Franco a reasonable explanation of the basis for denial of the claim; not affirming or denying coverage or submitting a reservation of rights; refusing to pay the claim; and making untrue statements of material fact concerning the policy’s coverage. Southland’s motion further alleges that there is no evidence of a knowing violation of article 21.21.
 

 With regard to appellants’ DTPA claims, Southland’s motion alleges there is no evidence of damages or of unconscionable conduct. As pertaining to appellants’ negligence and gross negligence claims, South-land’s motion argues there is no evidence of bodily injury, no evidence of the breach of any legal duty, no evidence that South-land’s conduct was the proximate cause of bodily injury to appellants, no evidence that Southland refused to allow appellants to repair their home, and no evidence of exemplary damages. The motion further asserts there is no evidence Southland committed a felony under Texas Penal Code section 22.04 in the work on Franco’s home.
 

 Appellants, as the non-movants, had the burden to raise a genuine issue of material fact as to the elements challenged in Southland’s motion.
 
 See
 
 Tex.R. Civ. P. 166a(i). In their response to Southland’s motion, appellants only addressed the no-evidence grounds pertaining to then' alleged article 21.21 violations. Because appellants did not present any evidence in response to Southland’s no-evidence grounds pertaining to appellants’ DTPA, negligence, and gross negligence claims, we affirm the summary judgment in favor of Southland, King, and Afflitto on these claims.
 
 See Dolcefino,
 
 19 S.W.3d 906, 917.
 

 We are left to examine whether summary judgment was proper on appellants’ article 21.21 claims. The evidence appellants cite in support of their claims under article 21.21 consists of the following: (1) Franco’s deposition testimony that King told her the policy covers damage from plumbing leaks so long as the plumbing leak is above the foundation slab; (2) Franco’s testimony that she took out a loan with her attorney and hired a company to come out and prepare a scope of remediation with regard to mold in her home; (3) a letter dated October 26, 2000, from Afflitto to Kubala discussing the relevant policy provisions and notifying appellants that Slavonic’s offer of $4,002.42 would be left on the table for an additional thirty days; and (4) a fax cover sheet dated October 24, 2000, from Afflitto to Walzel, concerning records from Garibay.
 

 
 *777
 
 One of the grounds in Southland’s motion is that there is no evidence of damages caused by the alleged article 21.21 violations. Section 16(a) of article 21.21 provides:
 

 Any person who has sustained actual damages caused by another’s engaging in an act or practice declared in Section 4 of this Article to be ... unfair or deceptive acts or practices in the business of insurance ... may maintain an action against the person or persons engaging in such acts or practices.
 

 Tex. Ins.Code Ann. art. 21.21, § 16(a) (Vernon Supp.2004). Here, appellants offer Franco’s statement that she obtained a loan from her attorney for scope of remediation work conducted at her home as evidence of damages. However, this evidence is not connected to the article 21.21 claims (or any other claim for that matter) and, therefore, does not raise a fact issue as to whether appellants sustained damages attributable to their alleged article 21.21 claims. Because appellants did not present evidence raising a genuine issue of material fact as to damages, we conclude summary judgment in favor of Southland, King, and Afflitto was proper on appellants’ article 21.21 claims.
 

 Because we conclude that no-evidence summary judgment was proper in favor Southland, King, and Afflitto on all of appellants’ causes of action, we do not address the remaining summary judgment grounds. Accordingly, we overrule appellants’ fourth and fifth issues and affirm the summary judgment in favor of Southland, King, and Afflitto.
 

 We affirm the judgment of the trial court.
 

 [1]
 

 . In 1996, Franco purchased a fire and extended coverage insurance policy from Slavonic to insure her home, and this same policy had been renewed each year and was in effect in June 2000.
 

 [2]
 

 . During the appraisal process, Slavonic offered Franco $4,002.52 to compromise the claim, but this offer was not accepted.
 

 [3]
 

 . Appellants did not seek in their petition to set aside the appraisal award.
 

 [4]
 

 . Slavonic asserted the plumbing leak claim was not covered by the policy because of a specific provision in the policy governing coverage for accidental water damage:
 

 ACCIDENTAL WATER DAMAGE — Water damage is limited to a loss of a sudden nature or circumstance.... Water damage covers loss above foundation from accidental discharge, leakage, or overflow of water or steam from within a plumbing, heating or air-conditioning system or domestic appliance....
 

 This Association shall not be liable for loss caused directly or indirectly by ... (4) by continuous or repeated seepage or leakage over a period of weeks, months, years[.]
 

 [5]
 

 . Slavonic's motion raises both traditional and no-evidence grounds, and appellants concede the rules do not prohibit a hybrid summary judgment motion such as Slavonic’s.
 

 [6]
 

 . Appellants did not identify in their special exception (or on appeal) the particular grounds in Slavonic’s motion that lack specificity. We recognize that Slavonic’s motion is not a model of clarity — the motion does not set forth the applicable standards of review under Rule 166a(c) and (i) and does not segregate the traditional from the no-evidence grounds; however, the motion does comply with Rule 166a in stating the grounds and sufficiently puts appellants on notice of the claims and causes of action being challenged by appellees. The better practice is to file two separate motions or to file one document containing both motions but with the arguments and authorities for each clearly delineated and separated from one another. For example, Southland’s motion also was a hybrid, but it clearly segregated the traditional from the no-evidence grounds.
 

 [7]
 

 . Notably, appellants do not allege a cause of action to set aside the appraisal award in their petition. The claims and facts alleged in appellants’ live petition focus on alleged misrepresentations made by appellees concerning the policy and the alleged mishandling of Franco’s claim. However, despite not having alleged a cause of action to set aside the award, appellants are not barred from raising the issue of the appraisal award's validity for the first time in their summary judgment response, and this issue was properly before the trial court and is subject to review by this court.
 
 See Womack v. Allstate Ins. Co.,
 
 156 Tex. 467, 473, 296 S.W.2d 233, 237 (1956) (holding when summary judgment proof discloses facts rendering summary judgment untenable for the moving party, summary judgment should be denied regardless of defects in the pleading of the non-movant);
 
 Patterson v. First Nat. Bank of Lake Jackson,
 
 921 S.W.2d 240, 244 (Tex.App.-Houston [14th Dist.] 1996, no writ) (holding same).
 

 [8]
 

 . In the last section of their summary judgment response entitled, "Jed Walzel’s deposition reveals a total lack of adherence to the Insurance Code,” appellants allege that Slavonic allowed Garibay "to avoid actually participating in the process and to completely neglect even submitting an appraisal for either Plaintiffs' appraiser's consideration or the umpire’s consideration” and that this "reveals a total lack of adherence to the Insurance Code, as well as a lack of adherence to the insurance contract at issue.” Appellants do not allege anywhere in their response to Slavonic’s motion that the appraisal award should be set aside because Garibay allegedly did not substantially comply with the procedure for the appraisal process.
 

 [9]
 

 . References in this section to "Southland” also include King and Afflitto.