# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 13-50321
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 6, 2013

Lyle W. Cayce
Clerk

————

WAYNE MICHELS; MARIE MICHELS,

Plaintiffs–Appellants

v.

SAFECO INSURANCE COMPANY OF INDIANA; JASON CHRISTOPHER WOMACK,

Defendants–Appellees

-------------------------------------------------------------------------------------------

SAFECO INSURANCE COMPANY OF INDIANA,

Plaintiff—Appellee

v.

WAYNE MICHELS; MARIE MICHELS,

Defendants—Appellants

⸻

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:12-CV-511

⸻

Before REAVLEY, JONES, and PRADO, Circuit Judges.

No. 13-50321

PER CURIAM:*

This case arises out of an insurance coverage dispute relating to smoke damage to the plaintiffs' home. The plaintiffs appeal the district court's dismissal of a nondiverse defendant as being improperly joined, the grant of the remaining defendant's motion to compel appraisal, the denial of their motion to vacate the appraisal award, and the grant of summary judgment in favor of defendants. We AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The home of Plaintiffs–Appellants Wayne and Marie Michels (collectively "the Michelses") was damaged by smoke from the September 2011 Bastrop, Texas wildfires. The Michelses filed a claim with their homeowner's insurance carrier, Safeco Insurance Company of Indiana ("Safeco"). Safeco assigned an adjuster, Daniel Etzel, to investigate the damage to the house and report his findings back to Safeco. After Etzel's inspection found no visible damage, Safeco hired ServPro to clean the Michelses' home. In total, before suit or appraisal, Safeco paid $12,005.19 to the Michelses for general cleaning and attic insulation replacement.

Safeco adjuster Kevin Glassel was assigned to coordinate the continuing investigation and adjustment of the Michelses' claim. Glassel notified the Michelses via mail that Safeco was having a man named Jason Womack come to their home to complete an inspection. After receiving Womack's report, Safeco informed the Michelses that no additional payments would be made.

The Michelses sought an appraisal, and the two appraisers selected an umpire, as outlined by the policy. Later, the Michelses rescinded their

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

appraisal demand, and Safeco then made its own demand for appraisal. When the parties' designated appraisers were unable to agree on an umpire, Safeco filed suit in the district court, asking the court to appoint an umpire in accordance with the policy. Shortly after Safeco filed its federal suit, the Michelses filed suit in state court against Safeco and Womack for damages exceeding $72,700. Safeco and Womack removed the Michelses' state court suit to the federal district court, which consolidated the two suits after dismissing Womack and denying the Michelses' motion to remand. The Michelses and Jason Womack are citizens of Texas. Safeco is a citizen of Indiana.

The district court appointed an umpire, who issued an award that was agreed to by Safeco's appraiser. The award set the replacement cost value of the loss at $17,600, the recoverable depreciation at $100, and the actual cash value of the loss at $17,500. Safeco issued payment to the Michelses in the amount of $3,928.41—the difference between the replacement cost value and Safeco's prior payments and the policy deductible.

After paying the appraisal award, Safeco filed a motion for summary judgment as to all the Michelses' remaining claims. The Michelses filed a response and a motion to set aside the award. The district court denied the Michelses' motion to set aside the appraisal award, granted Safeco's motion for summary judgment, and signed a final, take-nothing judgment in favor of Safeco.

On appeal, the Michels raise four points of error. Specifically, they argue the district court erred in: (1) finding that Womack was improperly joined and in dismissing him; (2) granting Safeco's Motion to Compel Appraisal; (3) denying the Michelses' Motion to Set Aside or Vacate Umpire Award; and (4) granting summary judgment in favor of Safeco. We address each in turn.

No. 13-50321

## II. JURISDICTION

The Michelses seek review of a final judgment of the district court. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1291. The district court's jurisdiction under 28 U.S.C. § 1332 is discussed below.

## III. STANDARDS OF REVIEW

This Court reviews de novo a district court's denial of a motion to remand. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). A trial court's decision to "pierce the pleadings" to determine whether a plaintiff has a reasonable basis of recovery against a particular nondiverse defendant under state law is reviewed for an abuse of discretion. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The district court's dismissal is subject to de novo review. *Causey v. Sewell Cadillac–Chevrolet, Inc.* 394 F.3d 285, 288 (5th Cir. 2004).

The district court's grant of a motion for summary judgment and denial of a motion to set aside or vacate an appraisal award as a defense to the motion for summary judgment are subject to de novo review. *See Federated Mut. Ins. Co. v. Grapevine Excavation, Inc.*, 197 F.3d 720, 723 (5th Cir. 2000).

## IV. DISCUSSION

The Michelses contend the district court made four errors. We address each in turn, affirming the district court on each one.

### 1) Improper Joinder and Dismissal of Womack

As discussed above, the district court dismissed Womack as having been improperly joined.[1] The district court found that there was no reasonable basis

---

[1] The Fifth Circuit adopted the terminology "improper joinder," *Smallwood*, 385 F.3d at 571 n.1, instead of the terminology "fraudulent joinder," which is "a term of art" used in other circuits to describe the doctrine that ignores a lack of complete diversity where the

of recovery against Womack because he was not a "person" engaged in the business of insurance as defined by the Texas Insurance Code. "Because all the claims the Michels bring against Womack are predicated on their belief he was (1) somehow acting within the auspices of the Insurance Code, or (2) in privity with them, when, in fact, he was neither, there is no possibility they could recover from him under their Original Petition." Thus, the district court found that Womack was improperly joined and that therefore his citizenship status would be disregarded for jurisdiction purposes. Once Womack was dismissed from the action, complete diversity existed between the parties.

As the Michelses concede, the district court correctly stated that it first had to examine whether the Michelses sufficiently pleaded a cause of action under the Texas fair notice pleading standard. *See Smallwood*, 385 F.3d at 573. Then, the district court erred, the Michelses contend, by viewing and considering evidence beyond the Michelses' state court pre-removal pleading. The Michelses submit that a motion to remand is analyzed with reference to only the complaint. According to the Michelses, the district court erred by looking beyond the pleadings to determine whether Womack met the definition of a "person" engaged in the business of insurance as defined by the Texas Insurance Code.

A district court's improper joinder decision is subject to de novo review. *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 (5th Cir. 2005) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 311 (5th Cir. 2002)). "[Improper] joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *McKee v. Kan.*

---

plaintiff joins a nondiverse defendant to avoid federal jurisdiction. *E.g.*, *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

No. 13-50321

*City S. Ry. Co.*, 358 F.3d 329, 333 (5th Cir. 2004) (quoting *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)).  This Court has stated that the second way of establishing improper joinder "stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.

This Court's en banc opinion in *Smallwood* sets out a procedure for determining whether a nondiverse defendant was improperly joined.  First, the court should focus on the complaint: "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* at 573.  However, where a complaint states a claim that satisfies 12(b)(6), but has "misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* (citing *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 389 n.10 (5th Cir. 2000)).  If a district court pierces the pleadings, and the defendant has produced evidence supporting improper joinder, the plaintiff must produce at least some controverting evidence. *Badon*, 224 F.3d at 393 ("We agree with the district court that, considering defendants' affidavits 'in light of the plaintiffs' lack of evidence,' there is no reasonable basis for predicting that plaintiffs might establish liability in their conspiracy claim against the in-state defendants.").  There must be a "*reasonable* possibility of recovery" against the nondiverse defendant, "not merely a *theoretical* one." *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003).

The district court did not abuse its discretion in looking beyond the Michelses' pleadings.[2]  In assessing whether joinder was improper, the district

---

[2] The Michelses' brief does not address the district court's actions as "piercing the pleadings."  But because the district court, in conducting a summary inquiry, looked at evidence beyond the pleadings, we consider the court to have pierced the pleadings.  The Michelses did not reply to Safeco's briefed argument that the district court's consideration of

No. 13-50321

court acted within its discretion to "pierce the pleadings" and conduct a brief inquiry.  The district entered its order that Womack was improperly joined only thirty-two days after the Michelses moved to remand. No depositions were taken, and Womack did not propound any new discovery.

After conducting its summary inquiry, the district court correctly determined that the Michelses has no "reasonable basis of recovery against" Womack. *See Guillory*, 434 F.3d at 311.  Because, as the district court correctly noted, the claims the Michelses brought against Womack were based on the idea that he was acting under the Insurance Code or in privity with them, it was critical to determine whether Womack was a "person" under the Insurance Code such that he could be held liable.  According to the Code, "'Person' means an individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity engaged in the business of insurance." Tex. Ins. Code Ann. § 541.002(2).

The Michelses seem to concede that Womack's role as an appraiser after they made their appraisal demand does not subject Womack to any liability. Rather, the Michelses argue that the district court failed to acknowledge their argument that Womack was an *adjuster* before he was an appraiser, and that his role as an adjuster gives the Michelses a "reasonable basis of recovery" against him.

The summary inquiry confirms that Womack was improperly joined. Womack's undisputed affidavit testimony was that he (1) was hired only to determine the cause and extent of damages to the Michelses' home; (2) was a registered professional engineer in Texas at all times during the Michels assignment; (3) did not know what coverage the policy provided and never

---

evidence beyond the pleadings was permitted because of the allowance for "piercing the pleadings."

spoke to the Michelses about policy coverage; and (4) made no decisions with respect to insurance coverage and at all times was acting pursuant to a contract for professional services with Safeco. The district court also knew that Womack was employed by Rimkus Consulting, not Safeco, and that a Safeco adjuster, Gressel, handled the adjustment of the Michelses' loss. Moreover, the Safeco insurance policy specifies that the results of the appraisal process are not an adjustment. The Michelses did not object to Womack's affidavit or submit controverting evidence. The Michelses relied exclusively on the allegations within their petition.

On appeal, the Michelses state that Womack provided an adjustment of their claim. However, the document they cite from the record is not an adjustment. Instead, it is a letter from Safeco's adjuster, Kevin Glassel, stating that based on Womack's report from his inspection of the house, Safeco had determined that no additional payments would be made. Beyond the Michelses' assertion that Womack was an adjuster or de facto adjuster, there is no evidence that he was, and substantial evidence that was not. Womack is an engineer employed by a third-party company to inspect damaged properties. He is not a licensed adjuster and does not provide insurance or adjusting services. In sum, Womack was not an adjuster.

Although adjusters can be liable under Texas law, Texas courts have held that engineers who investigate and consult with insurance companies in the adjustment of a claim are not "persons" engaged in the business of insurance. An independent engineering firm hired by an insurer to investigate a claim is not "engaged in the business of insurance" under the Insurance Code. *Dagley v. Haag Eng'g Co.*, 18 S.W.3d 787, 793 (Tex App.—Hous. [14th Dist.] 2000, no pet.); *Medistar Twelve Oaks Partners, Ltd. v. Am. Econ. Ins. Co.*, 2010 WL 1996596, slip op. at *8, *10 (S.D. Tex. May 17, 2010); *see also Castillo v. Prof'l Serv. Indus. Inc.*, 1999 WL 155833, slip op. at *1–2 (Tex. App.—San

Antonio March 24, 1999, no pet.).   In fact, the Insurance Code explicitly exempts engineers from getting licensed as adjusters, despite the technical assistance they provide to adjusters. *See* Tex. Ins. Code § 4101.002(3)(B).

Because the district court correctly dismissed Womack as improperly joined, complete diversity existed between the proper parties—the Michelses and Safeco.

### 2) District Court Granted Safeco's Motion to Compel Appraisal

The district court denied the Michelses' opposition to the Motion to Compel Appraisal.  The Michelses argue on appeal that the district court abused its discretion by ordering the parties to appraisal.  Specifically, the Michelses contend that because Safeco breached its contract with the Michelses with respect to adjusting the property damage claim, Safeco should not have been permitted to invoke the benefits of the contract.  The Michelses insist that they were not seeking an order denying the appraisal process, but instead a remedy that would "prevent[] Safeco from essentially picking and choosing which provisions of the contract it would honor."

Under Texas law, appraisal is an enforceable, contractually agreed upon method of determining the amount of loss.   *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 407 (Tex. 2011); *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888–89 (Tex. 2009).  The district court did not order the appraisal until after it had denied the Michelses' motion to remand and dismissed Womack.  Every Texas court to consider the "anticipatory breach" argument the Michelses raise has rejected it as being incompatible with the mandatory contractual remedy and the strong public policy favoring appraisal clauses.  *See, e.g.*, *In re State Farm Lloyds, Inc.*, 170 S.W.3d 629, 634–35 (Tex. App.—El Paso 2005, no pet.); *see also Johnson*, 290 S.W.3d at 894 (holding that appraisals should go forward as a preliminary matter because "[a]llowing litigation about the scope of appraisal before the appraisal takes place would

mark a dramatic change in Texas insurance practice, and surely encourage much more of the same"). Thus, the district court did not abuse its discretion by denying the Michelses' request to delay the appraisal.

### 3) District Court Denied Michelses' Motion to Set Aside or Vacate Umpire Award

The umpire issued what he called an "Umpire Appraisal Award" of the total lump sum of $17,500.[3] The district court, finding that the award substantially complied with the terms of the policy, held that there was no basis for vacating or setting aside the umpire's appraisal award, and thus denied the Michelses' motion to vacate the award.

The Michelses argue that the process by which the Umpire Appraisal Award was reached was flawed, and that the appraisal award does not comply with the requirements of the insurance policy.[4] As such, the Michelses assert that the district court should have vacated the appraisal award. The "Appraisal" section of the insurance policy reads, in full:

> 8. Appraisal. If you and we do not agree on the amount of the loss, including the amount of *actual cash value* or *replacement cost*, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within 20 days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for 15 days to agree upon such umpire, then, on request of you or the company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then resolve the issues surrounding the loss, appraise the loss, stating separately the *actual cash value* or *replacement cost* of each item, and, failing to agree, shall submit

---

[3] The Michelses state "the umpire issued what he called a 'Final Ruling' on [sic] in the total lump sum of $17,500.00 (R. 592)." However, page 592 of the record is titled "Umpire Appraisal Award." A search of the record does not reveal a "Final Ruling" from the umpire.

[4] Specifically, the Michelses contend that the umpire failed to consider all available information, to require the appraisers to submit their "differences only" as required by the policy, and to assess actual costs related to the claims.

their differences, only, to the umpire. An award in writing, so itemized, of any two of these three, when filed with the company shall determine the amount of loss.

Each party will:
a.      pay its own appraiser; and
b.      bear the other expenses of the appraisal and umpire equally.

As both the Michelses and Safeco point out, in Texas, appraisal awards "are binding and enforceable, and every reasonable presumption will be indulged to sustain an appraisal award." *Franco v. Slavonic Mut. Fire Ins. Ass'n*, 154 S.W.3d 777, 786 (Tex. App.—Hous. [14th Dist.] 2004, no pet.). "Because every reasonable presumption is indulged in favor of the award, the burden of proof is on the party seeking to avoid the award." *Id.* (citing *Barnes v. W. Alliance Ins. Co.*, 844 S.W.2d 264, 267 (Tex. App.—Fort Worth, 1992, writ dism'd by agr.)). An award made in substantial compliance with the policy is presumptively valid; minor discrepancies in the appraisal process or award do not invalidate the award. *See Providence Lloyds Ins. Co. v. Crystal City Indep. Sch. Dist.*, 877 S.W.2d 872, 875 (Tex. App.—San Antonio 1994, no writ). The results of an otherwise binding appraisal may be disregarded when the appraisal award is not in compliance with the requirements of the policy. *Franco*, 154 S.W.3d at 876.

The Michelses mainly complain that the appraisal award was not in compliance because the umpire's award was not fully itemized, as the insurance policy required. This argument is estopped, as the district court pointed out, because the appraiser the Michelses appointed requested that the umpire use a non-itemized, lump sum form.

Even assuming that the Michelses' contention about the non-compliance of the appraisal award could be brought, the Michelses offer no citation in

support of their position that even small variances from the appraisal process as outlined by the insurance policy require setting aside the appraisal award.

The appraisal award substantially complied with the policy. It identified the Actual Cash Value and Replacement Cost Value of the loss, as the policy required. The appraisers prepared itemized estimates, met to discuss them, and then submitted the disputes to the umpire. Further, the record before the district court demonstrates that the umpire performed his own inspection of the property in addition to considering the evidence and arguments of the appraisers.[5] Because the award indicates the umpire considered the evidence from both sides to arrive at an award and substantially complied with the procedures outlined by the insurance policy, the district court is entitled to uphold that award, notwithstanding the non-itemized award form.

### 4) District Court Granted Safeco's Motion for Summary Judgment

After Safeco tendered the appraisal award amount to the Michelses, the trial court granted summary judgment in favor of Safeco and entered a take nothing judgment based on Safeco's tender of the appraisal award amount to the Michelses. The Michelses contend that Safeco was not entitled to summary judgment as a matter of law. The Michelses' claim that summary judgment was not appropriate hangs, for the most part, on their earlier arguments, namely that the district lacked jurisdiction because the parties were not diverse, that the appraisal process should have been stayed pending resolution of other contract issues, and that the appraisal award did not comply with the insurance policy. We have affirmed, above, the district court's disposition of those issues.

---

[5] The Umpire asserted the following in his signed award: "I have held a total 6 hours of hearings on October 12, 2012, and November 19, 2012, read numerous exhibits and reports, and inspected the property on November 2, 2012. I have twice allowed each side to supplement the record based on my questions and requests for further information."

No. 13-50321

On appeal, a district court's grant or denial of summary judgment is reviewed de novo. *Dunn–McCampell Royalty Interest, Inc. v. Nat'l Park Serv.*, 630 F.3d 431, 435 (5th Cir. 2011). Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The district court did not err in granting Safeco summary judgment. The Michelses' argument on the issue of summary judgment is that "once the district court erred in finding improper joinder and overruled the Michels' motion to remand, all subsequent rulings, including the summary judgment, were tainted by the initial error." The Michelses insist that, assuming arguendo that the case was not remanded and that the breach of contract claims were negated once Safeco paid the Michelses the balance on the appraisal award, they should nonetheless have been entitled to continue their state court claims. Despite this assertion, the Michelses' brief goes on to only restate their concern about the joinder and remand issue tainting the rest of the court's determination. Above, we affirmed the district court's resolution of those issues.

## V. CONCLUSION

For the foregoing reasons, we AFFIRM the district court.

13