**Fidel LOPEZ, Plaintiff,**

v.

**UNITED PROPERTY & CASUALTY INSURANCE COMPANY, et al, Defendants.**

**CIVIL ACTION NO. 3:16-CV-89**

United States District Court,
S.D. Texas, Galveston Division.

Signed July 11, 2016

Chad Troy Wilson, Kimberly Ninh Blum, Chad T. Wilson Law Firm PLLC, Houston, TX, for Plaintiff.

Rhonda J. Thompson, Thompson Coe et al, Dallas, TX, for Defendants.

## ORDER

George C. Hanks Jr., United States District Judge

Plaintiff Fidel Lopez has filed suit against his insurer, United Property & Casualty Insurance Company ("UPC"), alleging that UPC failed to fully cover a claim for water damage to his home. Lopez asserts claims for "fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA." He alleges that he is owed over $100,000.

UPC has filed a motion to compel appraisal and to abate this litigation. Dkt. 10.

Having reviewed the full record and the applicable legal authorities, the Court **GRANTS** UPC's motion to compel an appraisal, and the Court further **ORDERS** that this case be **STAYED AND ADMINISTRATIVELY CLOSED,** pending completion of the appraisal process.

## BACKGROUND

UPC issued a " Homeowners-3 Special Form Policy" UTH 0253392-00-42 to Lopez, which was effective from September 29, 2015 through September 29, 2016 (the "Policy"). Section I of the Policy provided coverage for Lopez's "Dwelling," "Other Structures," "Personal Property," and "Loss of Use." Section I also set out certain conditions including that either Lopez or UPC could invoke an appraisal process:

F. Appraisal

If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will chose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "resi-

dence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

Each party will:

1. Pay its own appraiser; and

2. Bear the other expenses of the appraisal and umpire equally.

An endorsement to the Policy, "Special Provisions–Texas" further adds:

No suit involving the amount of loss or damage under Section I of the policy can be brought unless an appraisal has been completed.

In early October 2015, Lopez suffered water damage to his home. Lopez submitted a claim under the Policy for the damage, and UPC assigned him claim number 2015TX020615. Lopez and UPC disagreed about the amount of covered damages— Lopez alleges that he suffered $117,534.74 in damages, while UPC's estimate of covered damages was $21,675.43. In its November 19, 2105 and December 4, 2015 letters to Lopez, informing him of its estimates, UPC reminded him that, "In the event that we cannot agree on the final settlement of your claim, your policy provides a dispute resolution method involving appraisal."

Lopez instead retained an attorney, who contacted UPC on December 4, 2015, regarding the claim. On February 5, 2016, UPC sent Lopez's attorney a letter with a demand for an appraisal under the Policy and naming an appraiser on its behalf. In response, Lopez's attorney simply stated that "the insured plans to start renovations on the home very shortly, likely with-

in the next week or so. Please let me know if UPC wants to conduct any additional inspections prior to the start of repairs."

On March 4, 2016, Lopez filed his lawsuit in state court.

## ANALYSIS

Under Texas law, appraisal clauses in insurance policies "provide a means to resolve disputes about the amount of loss for a covered claim." *In re Universal Underwriters of Texas Ins. Co.*, 345 S.W.3d 404, 407 (Tex.2011). They are generally enforceable, absent illegality or waiver. *Id.*; *see also Michels v. Safeco Ins. Co. of Indiana*, 544 Fed.Appx. 535, 540 (5th Cir.2013) (unpublished) ("Under Texas law, appraisal is an enforceable, contractually agreed upon method of determining the amount of loss."). Indeed, courts "do not have discretion to ignore a valid appraisal clause entirely." *In re Public Serv. Mut. Ins. Co.*, 2013 WL 692441, *2 (Tex.App.2013)

Despite the passage of ample time, Lopez has failed to file any response or objection to UPC's motion to compel an appraisal. The Court has reviewed the Policy and the exhibits to UPC's motion, and the Court finds that there is no apparent reason that the Policy's appraisal clause should not be enforced.

Accordingly, it is hereby **ORDERED** that UPC's Motion to Compel Appraisal and Abate Litigation, Dkt. 10, is **GRANTED**. The parties are directed to complete the appraisal process described in the Policy.

It is further **ORDERED** that this case is **STAYED AND ADMINISTRATIVELY CLOSED** pending completion of the appraisal process. The parties are directed to file a joint status report on **September 15, 2016, and every sixty (60) days thereafter**, until the appraisal process is completed, at which time the parties are to file an agreed motion to reinstate the case on the Court's active docket.