Kem Thompson Frost, Chief Justice
In this first-party insurance case, an insured under a homeowners policy appeals a summary judgment dismissing his breach-of-contract and extra-contractual claims against his insurer. Concluding that the insured has not shown that the trial court erred in granting summary judgment, we affirm.
*431 I. FACTUAL AND PROCEDURAL BACKGROUND
Appellant Haiquan Zhu, the plaintiff in the trial court, owns a house in Sugar Land, Texas. Appellee First Community Insurance Company, the defendant in the trial court, issued Zhu a homeowner's insurance policy. A storm in July 2014 damaged the house and allegedly damaged other property, prompting Zhu to file a claim on the policy.
First Community retained an adjuster, Command Claims, to investigate the loss. Command Claims conducted an inspection and estimated the actual cash value of damages to be $2,726.14. After applying the policy's deductible, First Community issued payment to Zhu of $226.14.
Policyholder's Suit Against Insurer
A few months later, Zhu filed suit against First Community asserting claims for breach of contract, violation of the Prompt Payment of Claims Act, violations of Insurance Code chapter 541, and violations of the Deceptive Trade Practices Act ("DTPA").
Appraisal Process
Under the policy, if Zhu and First Community fail to agree on the amount of the loss, either may demand appraisal of the amount of the loss. In November 2014, First Community invoked the appraisal provision and demanded appraisal of the amount of the loss. In March 2015, the two appraisers and the umpire (collectively the "Appraisal Panel") issued an appraisal award in which they agreed that the amount of the loss was $17,384.30 in replacement cost, depreciation of $3,500, and an actual cash value of $13,884.30. The Appraisal Panel stated in the award that "[t]his award pertains only to items where there was a disagreement as to the "amount of the loss" (i.e., items where the parties agreed on the scope of damages, but not on the price to repair them)" (hereinafter the "Included Items"). The Appraisal Panel also said that the award "was not intended to, and did not, cover items for which there was a disagreement as to whether there was damage at all" (the "Excluded Items").[1] The Appraisal Panel did not provide any details or itemization in the appraisal award, nor did the Appraisal Panel specify any of the Included Items or Excluded Items. First Community issued a check to Zhu and his counsel for $11,158.16, an amount equal to the actual cash value in the appraisal award, less the $2,500 deductible and First Community's prior payment of $226.14.
Summary Judgment
First Community moved for summary judgment on the following grounds:
(1) First Community's full and timely payment of the claim based on the appraisal award entitles First Community to judgment as a matter of law on Zhu's breach-of-contract claim and claim under the Prompt Payment of Claims Act ("Prompt Payment Act").
(2) Zhu's claims under the DTPA and his claims under Insurance Code chapter 541 fail as a matter of law because (a) First Community fully and timely paid the claim based on the appraisal award, (b) a bona fide dispute about the amount of covered damages exists, and (c) Zhu must show that he suffered damages above and beyond failure to receive *432 policy proceeds but Zhu seeks damages based only on his alleged failure to receive the correct amount under the policy.
(3) Zhu's claims based on alleged Insurance Code violations involving alleged misrepresentations fail as a matter of law because (a) Zhu has not shown that any alleged misrepresentation was the producing cause of damages separate from the alleged breach-of-contract damages, (b) these claims attempt to recast Zhu's breach-of-contract claims as tort claims, and (c) there is no evidence First Community made a false representation that Zhu relied on to his detriment.
(4) Zhu's claims based on First Community's alleged failure to conduct a reasonable investigation, failure to make a timely coverage decision, and failure to promptly provide an explanation for the offer of settlement are barred because the damages sought are merely contractual damages based on the alleged breach of contract.
(5) Zhu cannot recover attorney's fees because all of his claims fail as a matter of law.
Zhu responded in opposition. The trial court granted First Community's summary-judgment motion, implicitly granting summary judgment on all of the above-stated grounds. Zhu now challenges the summary judgment in this appeal.
II. ISSUES AND ANALYSIS
On appeal Zhu asserts the following issues:
(1) Whether First Community's payment of the claim based on the appraisal award estops Zhu from pursuing his breach-of-contract claim as to those items specifically excluded from the award;
(2) Regardless of the outcome as to the breach-of-contract claim, whether the trial court erred in granting summary judgment as to Zhu's claims under Insurance Code chapter 541 and the DTPA;
(3) Whether First Community is entitled to summary judgment on Zhu's claims under the Prompt Payment Act.
Standard of Review
In a traditional motion for summary judgment, if the movant's motion and summary-judgment evidence facially establish its right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine, material fact issue sufficient to defeat summary judgment. M.D. Anderson Hosp. & Tumor Inst. v. Willrich , 28 S.W.3d 22, 23 (Tex. 2000). In reviewing a no-evidence summary judgment, we ascertain whether the nonmovant pointed out summary-judgment evidence raising a genuine issue of fact as to the essential elements attacked in the no-evidence motion. Johnson v. Brewer & Pritchard, P.C. , 73 S.W.3d 193, 206-08 (Tex. 2002). In our de novo review of a trial court's summary judgment, we consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. Mack Trucks, Inc. v. Tamez , 206 S.W.3d 572, 582 (Tex. 2006). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. Goodyear Tire & Rubber Co. v. Mayes , 236 S.W.3d 754, 755 (Tex. 2007). When, as in this case, the order granting summary judgment does not specify the grounds upon which the trial court relied, we must affirm the summary judgment if any of the independent summary-judgment grounds is meritorious.
*433 FM Props. Operating Co. v. City of Austin, 22 S.W.3d 868, 872 (Tex. 2000).
Law Regarding Appraisal Awards
Appraisal clauses appear in almost every homeowners, property, or automobile insurance policy in Texas. See State Farm Lloyds v. Johnson , 290 S.W.3d 886, 889 (Tex. 2009). The clause in Zhu's homeowners policy with First Community, like most appraisal clauses, provides that the insurer and insured agree to an extra-judicial remedy-appraisal-for any disagreement regarding the amount of loss owed the insured. See Nat'l Sec. Fire & Cas. Co. v. Hurst , 523 S.W.3d 840, 844 (Tex. App.-Houston [14th Dist.] 2017, pet. filed). From a policy point of view, appraisal clauses allow the insured and insurer to resolve disputes about damages with greater efficiency by eliminating the cost and delay of traditional litigation. See ids="12386202" index="7" url="https://cite.case.law/sw3d/523/840/#p844">id.
Texas courts hold that appraisal awards made under the provisions of an insurance contract are binding and enforceable, and indulge every reasonable presumption to sustain an appraisal award. See Franco v. Slavonic Mut. Fire Ins. Ass'n , 154 S.W.3d 777, 786 (Tex. App.-Houston [14th] 2004, no pet.). Appraisal clauses estop a party from contesting the issue of damages in a lawsuit based on an insurance contract. See Hurst , 523 S.W.3d at 844. If a party seeks to avoid enforcement of an appraisal award, the party must carry the burden of proving one of the three grounds for setting aside an appraisal award:
1. the award was made without authority;
2. the award was made as a result of fraud, accident, or mistake; or
3. the award failed to comply with the requirements of the insurance policy.
See ids="12386202" index="10" url="https://cite.case.law/sw3d/523/840/#p844">id. ; Franco , 154 S.W.3d at 786. A party seeking to set aside an appraisal award may amend the party's pleadings to assert that the trial court should set aside the award, move the trial court to set aside the award, or respond in opposition to a summary-judgment motion by asserting a ground for setting aside the award and raising a fact issue as to the ground. See Studer v. State Farm Lloyds , No. 4:13-CV-413, 2016 WL 4063782, at *3-5 (E.D. Tex. July 29, 2016) (ruling on plaintiff's motion to set aside the appraisal award); Franco , 154 S.W.3d at 785-86 & n.7 (noting that a party may seek to have the trial court set aside the appraisal award in the party's pleading, but that a party also may raise a ground for setting aside the appraisal award for the first time in response to an opposing party's summary-judgment motion). On appeal from a summary judgment in which the trial court enforced the appraisal award, an appellate court may not reverse the summary judgment on a ground for setting aside the appraisal award unless (1) the nonmovant raised that ground in response to the motion and (2) the summary-judgment evidence raises a fact issue as to that ground. See City of Houston v. Clear Creek Basin Auth. , 589 S.W.2d 671, 678 (Tex. 1979) (stating that "[w]ith the exception of an attack on the legal sufficiency of the grounds expressly raised by the movant in his motion for summary judgment, the non-movant must expressly present to the trial court any reasons seeking to avoid movant's entitlement [to summary judgment]"); Hurst , 523 S.W.3d at 844 ; Franco , 154 S.W.3d at 785-86 & n.7.
If no party asserts a ground for setting aside the appraisal award, the appraisal award binds the parties as to the amount of the loss, and the insurer's tender of the amount owed based on the amount of the loss in the appraisal award estops the insured from bringing a breach-of-contract *434 claim against the insurer. See Hurst , 523 S.W.3d at 844 ; Franco , 154 S.W.3d at 785-86 & n.7. This estoppel rule seeks to further the object of the binding appraisal process-to avoid litigation on the issue of damages. See Hurst , 523 S.W.3d at 844-45. This reasoning applies with special force where the parties agreed to provide for a binding appraisal process in their contract. See ids="12386202" index="20" url="https://cite.case.law/sw3d/523/840/#p844">id.
The Appraisal Clause and the Appraisal Award
Under the appraisal clause in Zhu's homeowners policy with First Community if Zhu and First Community "fail to agree on the amount of loss, either may demand an appraisal of the loss." If the two appraisers fail to agree on the amount of loss, they are to submit their differences to the umpire. And, if the two appraisers and the umpire agree, their decision "will set the amount of loss."[2]
In the appraisal award the Appraisal Panel agreed on the amount of the loss: $17,384.30 in replacement cost, depreciation of $3,500, and an actual cash value of $13,884.30 (the "Set Loss"). Thus, under the unambiguous language of the policy, the Appraisal Panel set this amount as the amount of loss.
The Appraisal Panel stated in the award that the award covered only the Included Items and that the award did not cover the Excluded Items. The Appraisal Panel provided no details or itemization in the appraisal award, nor did the Appraisal Panel identify any of the Included Items or any of the Excluded Items. In the award the Appraisal Panel also states that "any action taken or agreement reached will be subject to the provisions of the policy of insurance, herein referenced above." First Community has cited this part of the appraisal award as well as extrinsic evidence from its appraiser and the umpire for the proposition that in determining the amount of the loss, the Appraisal Panel considered all alleged damage to the property.
The Breach-of-Contract Claim
If Zhu thought that the amount of the Set Loss should not be enforced because the Appraisal Panel improperly excluded certain items in finding the amount of the loss, Zhu had the burden of raising a ground for setting aside the appraisal award in response to First Community's summary-judgment motion. See Clear Creek Basin Auth. , 589 S.W.2d at 678 ; Hurst , 523 S.W.3d at 844 ; Franco , 154 S.W.3d at 785-86 & n.7. In the trial court, Zhu did not amend his petition to assert that the trial court should set aside the appraisal award or to plead one or more of the recognized grounds for setting aside the appraisal award. Zhu did not move the trial court to set aside the appraisal award on any grounds. In response to First Community's summary-judgment motion, Zhu did not assert that the Appraisal Panel lacked authority to make the appraisal award, or that the appraisal award resulted from fraud, accident, or mistake, or that the award failed to comply with the insurance policy's requirements. See Franco , 154 S.W.3d at 786. Zhu did not argue that the Appraisal Panel improperly determined the amount of the Set Loss or based the appraisal on an improper legal standard.
Instead, Zhu responded that the cases First Community cited were not on point because the appraisal awards in those cases did not exclude damage items from *435 the appraisal. Zhu cited an opinion from a federal district court in which the court distinguished cases cited by the insurer because in those cases all alleged damages were submitted for appraisal, but in the case before the federal district court, only part of the insurance claim was submitted for appraisal. Rather than asserting that the appraisal award was not binding or enforceable, Zhu asserted that the appraisal award cannot be the basis of estoppel as to Zhu's breach-of-contract and Prompt Payment Act claims because the Appraisal Panel excluded certain items from calculating the amount of the Set Loss. In addition, Zhu submitted affidavit testimony from the appraiser he appointed in which the appraiser sought to establish the items that the Appraisal Panel did not include in the Set Loss and then opined that the appraiser had observed damage to these items that a reasonable insurer would have covered.[3]
In sum, though Zhu asserted that the Appraisal Panel did not consider all allegedly damaged items in calculating the amount of the Set Loss, Zhu did not criticize this methodology or seek to set aside the appraisal award on this or any other basis. Instead, Zhu argued that the Appraisal Panel's methodology precluded First Community from obtaining summary judgment based on its tender of the appropriate amount using the amount of the Set Loss.
Under the insurance policy, the parties charged the Appraisal Panel with determining the amount of the loss. The Appraisal Panel determined the amount of the loss and described how it made this determination. Zhu could have, but did not, ask the trial court to set aside the appraisal award. Zhu could have, but did not, assert one of the three bases for setting aside the award. Because no party asserted a ground for setting aside the appraisal award, the appraisal award binds the parties as to the amount of the loss, and First Community's tender of the amount owed based on the amount of the Set Loss estops Zhu from bringing a breach-of-contract claim against First Community. See Hurst , 523 S.W.3d at 844 ; Franco , 154 S.W.3d at 785-86 & n.7.
On appeal, Zhu cites Graber v. State Farm Lloyds for the proposition that "[a] full and timely paid appraisal award merely bars the insured from using the difference in the amount of the appraisal award and the amount of the insurer's initial payment as evidence of the insurer's breach of contract; it does not prevent the insured from litigating his breach of contract claim using other evidence." No. 3:13-CV-2671-B, 2015 WL 3755030, at *4 (N.D. Tex. June 15, 2015). This statement conflicts with precedent binding on this court. See Hurst , 523 S.W.3d at 845-47 ; Franco , 154 S.W.3d at 785-87. We must follow our own precedent rather than the Graber opinion. In addition, the United States Court of Appeals for the Fifth Circuit recently disapproved of another part of the Graber opinion because Graber "did not recognize an Erie court's duty to follow state courts' interpretation of state law rather than the interpretation the federal court thinks makes the most sense." Mainali Corp. v. Covington Specialty Ins. Co. , 872 F.3d 255, 259 (5th Cir. 2017).
Zhu argues on appeal that though First Community's payment based on the appraisal award may have resolved Zhu's breach-of-contract claim as to the Included Items, this payment did not resolve Zhu's *436 breach-of-contract claim as to the Excluded Items. Though the appraisal award does not specify which items are in which category, Zhu relies on testimony from his appointed appraiser to show the items Zhu asserts the Appraisal Panel excluded in its determination of the Set Loss.
In its reply, First Community asserted that the appraisal award set the entire amount of the loss. First Community attached testimony from the appraiser it appointed and from the umpire in support of First Community's argument that the Appraisal Panel intended the award to cover the entire amount of the loss and considered all items in determining the amount of the loss. Considering competing evidence beyond the four corners of the appraisal award or making fact findings as to what the Appraisal Panel considered would run afoul of the underlying goal of appraisal clauses to efficiently determine the amount of the loss.[4] See Hurst , 523 S.W.3d at 844. In any event, we need not decide to what extent, if any, courts may legitimately examine extrinsic evidence as to what happened during the appraisal process and how the Appraisal Panel determined the amount of the loss. On the face of the appraisal award, the Appraisal Panel set the amount of the loss, and Zhu failed to assert one of the grounds for setting aside the appraisal award. See Hurst , 523 S.W.3d at 844 ; Franco , 154 S.W.3d at 785-86 & n.7. Under the applicable standard of review, the summary-judgment evidence proved as a matter of law First Community's entitlement to judgment that Zhu take nothing on his breach-of-contract claim because First Community tendered payment based on the appraisal award. See Hurst , 523 S.W.3d at 845-47 ; Franco , 154 S.W.3d at 785-87. Accordingly, we overrule Zhu's first issue.
The Prompt Payment Act Claim
In his petition, Zhu alleged that First Community committed various violations of the Prompt Payment Act. See Tex. Ins. Code. § 542.051, et seq. (West 2009). If an insurer that is liable for a claim under an insurance policy is not in compliance with the Prompt Payment Act, the insurer is liable to pay the party making the claim under the policy, in addition to the amount of the claim, interest on the amount of the claim at the rate of eighteen percent a year as damages, together with reasonable attorney's fees. Se e Tex. Ins. Code. § 542.060 (West 2009). In his petition, Zhu sought to recover eighteen-percent interest on the amount of his claim plus reasonable attorney's fees under Insurance Code section 542.060. See id.
As this court has recognized, full and timely payment of an appraisal award under the policy precludes as a matter of law an award of penalties under the Insurance Code's prompt-payment provisions. See Hurst , 523 S.W.3d at 847. The umpire signed the appraisal award on March 19, 2015. The summary-judgment evidence shows that, seven days later, on March 26, 2015, First Community issued a check to Zhu and his counsel for $11,158.16, an amount equal to the actual cash value in *437 the appraisal award, less the $2,500 deductible and First Community's prior payment of $226.14. No provision of the policy required that First Community issue the check more promptly, and First Community's tender of payment was timely. See Hurst , 523 S.W.3d at 847 (holding payment thirty days after the date of the appraisal award was timely); Bernstien v. Safeco Ins. Co. of Ill. , No. 05-13-01533-CV, 2015 WL 3958282, at *1 (Tex. App.-Dallas June 30, 2015, no pet.) (mem. op.) (holding payment nine days after the date of the appraisal award was timely).
On appeal, Zhu does not claim the payment of the appraisal award was untimely. Instead, Zhu relies upon a part of the Graber opinion that conflicts with precedent binding on this court. See Graber v. State Farm Lloyds , No. 3:13-CV-2671-B, 2015 WL 3755030, at *10 (N.D. Tex. June 15, 2015) ; Hurst , 523 S.W.3d at 847. As noted, we must follow our own precedent rather than the Graber opinion. Moreover, the United States Court of Appeals for the Fifth Circuit recently disapproved of the part of the Graber opinion upon which Zhu relies. See Mainali Corp. v. Covington Specialty Ins. Co. , 872 F.3d 255, 259 (5th Cir. 2017).
Under the applicable standard of review, the summary-judgment evidence proved as a matter of law First Community's entitlement to summary judgment on Zhu's Prompt Payment Act claim because of First Community's full and timely tender of payment based on the appraisal award. See Hurst , 523 S.W.3d at 847. Accordingly, we overrule Zhu's third issue.
Claims Based on Alleged Violations of Insurance Code Chapter 541 and the DTPA
The trial court granted First Community's summary-judgment motion as to Zhu's claims for alleged violations of Insurance Code chapter 541 and of the DTPA based on, among other things, First Community's grounds that (1) First Community fully and timely paid the claim based on the appraisal award, and (2) Zhu must show that he suffered damages above and beyond failure to receive policy proceeds but Zhu seeks damages based only on his alleged failure to receive the correct amount under the policy.
Under Texas law, an individual damaged by "unfair method[s] of competition or unfair or deceptive act[s] or practice[s] in the business of insurance" may bring a claim under the Insurance Code. Tex. Ins. Code § 541.151 (West 2009). The prohibited conduct includes failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear and refusing to pay a claim without conducting a reasonable investigation with respect to the claim. See Tex. Ins. Code § 541.060(a) (West 2009); Hurst , 523 S.W.3d at 847. The use or employment by any person of an act or practice in violation of Insurance Code chapter 541 also constitutes a violation of the DTPA. See Tex. Bus. & Com. Code § 17.50(a)(4) (West 2009).
Zhu had a right to receive benefits under the insurance policy, and he received those benefits in the form of First Community's initial payment and subsequent tender of payment based on the appraisal award. See Hurst , 523 S.W.3d at 845-47 ; Franco , 154 S.W.3d at 785-87. To recover any damages beyond policy benefits, Zhu must establish that the statutory violation caused an injury that is independent from the loss of benefits. See USAA Tex. Lloyds Co. v. Menchaca , No. 14-0721, --- S.W.3d ----, ---- - ----, 2017 WL 1311752, at *11-12 (Tex. Apr. 7, 2017) ;
*438 Hurst , 523 S.W.3d at 848.[5] The Menchaca court recognized that "a successful independent-injury claim would be rare, and we in fact have yet to encounter one." Menchaca , --- S.W.3d at ----, 2017 WL 1311752 at *12; Hurst , 523 S.W.3d at 848. The Menchaca court explained that "[t]his is likely because the Insurance Code offers procedural protections against misconduct likely to lead to an improper denial of benefits and little else." Menchaca , --- S.W.3d at ----, 2017 WL 1311752 at *12; Hurst , 523 S.W.3d at 848. The high court acknowledged that it has further limited the natural range of injury by insisting that an "independent injury" may not "flow" or "stem" from denial of policy benefits. Menchaca , --- S.W.3d at ----, 2017 WL 1311752 at *12; Hurst , 523 S.W.3d at 848. And, the court recognized that "although we reiterate our statement in Stoker that such a claim could exist, we have no occasion to speculate what would constitute a recoverable independent injury." Menchaca , --- S.W.3d at ----, 2017 WL 1311752 at *12; Hurst , 523 S.W.3d at 848.
In his petition, Zhu alleges that First Community improperly denied or underpaid his claim. According to Zhu, the adjuster assigned to the claim conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages observed during the inspection, and undervalued the damages observed during the inspection. Zhu asserts that First Community performed an outcome-oriented investigation of Zhu's claim, which allegedly resulted in a biased, unfair, and inequitable evaluation of Zhu's losses. Zhu claims that First Community's allegedly unreasonable investigation led to the underpayment of his claim.
Zhu has received the benefits to which he was entitled under the policy and has not alleged any act so extreme as to cause independent injury. See Menchaca, --- S.W.3d at ---- - ----, 2017 WL 1311752, at *11-12; Hurst , 523 S.W.3d at 848 ; see generally Cantu v. State Farm Lloyds, No. 7:14-CV-456, 2016 WL 5372542, at *8 (S.D. Tex. Sept. 26, 2016) (holding extra-contractual claims failed where insurer tendered payment based on the appraisal award and insured did not allege an action constituting an independent injury). Zhu has not alleged that he sustained an independent injury as a result of First Community's conduct that allegedly violated Insurance Code chapter 541 or the DTPA. Instead, Zhu has argued that the independent injury rule does not apply. Under the applicable standard of review, we conclude that First Community established its entitlement to summary judgment on Zhu's claims for violations of Insurance Code chapter 541 and of the DTPA.[6] See Pounds v. Liberty Lloyds of Tex. Ins. Co. , 528 S.W.3d 222, 229 (Tex. App.-Houston [14th Dist.] 2017, no pet.) ; Hurst , 523 S.W.3d at 847-49. So, we overrule Zhu's second issue.
*439 III. CONCLUSION
On the face of the appraisal award, the Appraisal Panel set the amount of the loss, and Zhu failed to assert one of the recognized grounds for setting aside the appraisal award. The summary-judgment evidence proved as a matter of law First Community's entitlement to judgment that Zhu take nothing on his breach-of-contract claim because of First Community's tender of payment based on the appraisal award. The summary-judgment evidence also proved as a matter of law First Community's entitlement to summary judgment on Zhu's Prompt Payment Act claim because of First Community's full and timely tender of payment based on the appraisal award. Zhu has not alleged that he sustained an independent injury as a result of First Community's conduct that allegedly violated Insurance Code chapter 541 and the DTPA, and First Community established its entitlement to summary judgment on these claims. Because the trial court did not err in granting summary judgment as to all of Zhu's claims and because all statutes on which Zhu sought attorney's fees require successful prosecution of a claim, the trial court did not err in granting summary judgment as to Zhu's requests for attorney's fees.
Having overruled all of Zhu's appellate issues, we affirm the trial court's judgment.

In the appraisal award, the Appraisal Panel also stated that "any action taken or agreement reached will be subject to the provisions of the policy of insurance, herein referenced above." As discussed below, First Community has cited this part of the appraisal award as well as extrinsic evidence for the proposition that in determining the amount of the loss, the Appraisal Panel considered all alleged damage to the property.

The policy requires only agreement of two of the three to set the amount of the loss, but the agreement of all three does so as well.

The appraisal award itself does not state which items were excluded in calculating the amount of loss, so the appraiser was going beyond the four corners of the appraisal award.

No party asked the trial court for a remand to the Appraisal Panel for clarification as to what the Appraisal Panel considered or as to any other aspect of the appraisal award. See In re Blankenhagen , 513 S.W.3d 97, 103 (Tex. App.-Houston [14th Dist.] 2016 [mand. denied], orig. proceeding) (directing the trial court to remand the issue of the amount of relators' damages to the Architect for determination pursuant to the contract's dispute-resolution provisions); Eaton Commercial, LP v. Paradigm Hotel SA Riverwalk , No. 4-15-00705-CV, 2016 WL 5795195, at *2-4 (Tex. App.-San Antonio 2016, no pet.) (concluding that trial court erred in denying party's request to remand ambiguous arbitration award to the arbitrator for clarification) (mem. op.).

On December 15, 2017, the Supreme Court of Texas granted the petitioner's motion for rehearing in Menchaca. To date, the high court has neither withdrawn its opinion of April 7, 2017, nor issued a new opinion. We cite the current Menchaca opinion, along with precedent from this court construing and applying that opinion and relying upon other authority as well.

Zhu cites United National Insurance Company v. AMJ Investments, LLC , but the facts of that case differ materially. See 447 S.W.3d 1, 11-12 (Tex. App.-Houston [14th Dist.] 2014, pet. dism'd). There was no appraisal, and the insured pleaded and proved that its claim was covered and that the insurer breached the contract. See ids="6902007" index="65" url="https://cite.case.law/sw3d/447/1/#p11">id. The jury found the same actual damages as to the breach-of-contract claim and for the Insurance Code violations. See id. The AMJ Investments case is not on point. See ids="6902007" index="67" url="https://cite.case.law/sw3d/447/1/#p11">id.