**Motions for Rehearing Denied, Reversed and Remanded, and Substitute Majority and Dissenting Opinions filed October 4, 2018.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-16-00474-CV

---

## TEXAS WINDSTORM INSURANCE ASSOCIATION, Appellant

## V.

## DICKINSON INDEPENDENT SCHOOL DISTRICT, Appellee

---

**On Appeal from the 405th District Court
Galveston County, Texas
Trial Court Cause No. 12-CV-2012**

---

## S U B S T I T U T E   D I S S E N T I N G   O P I N I O N [1]

In two summary-judgment orders, the trial court determined as a matter of law that the defendant insurance association could not challenge (1) the appraisal-

---

[1] Today the court denies the parties' motions for rehearing and issues a Substitute Majority Opinion. The Dissenting Opinion issued in this case on May 31, 2018, is withdrawn. Appellee Dickinson Independent School District's Motion for Rehearing should be granted to the extent it raises the issues addressed in this Substitute Dissenting Opinion.

award finding as to the amount of loss caused by wind damage, and (2) the appraisal-award finding of the amount of loss or property damage. On appeal, the association has challenged the first finding by arguing that the appraisal panel determines the amount of loss but not the amount of loss caused by wind damage. But, the association has not challenged the second finding. Though the association has shown reversible error in the trial court's final judgment without challenging the second finding, this court should not conclude that the trial court erred as to the unchallenged second finding.

*The District's Claim under the Policy*

Hurricane Ike made landfall in Galveston County on September 13, 2008. Nearly four years later, appellee/plaintiff Dickinson Independent School District (the "District") sued the Texas Windstorm Insurance Association ("TWIA") asserting a breach-of-contract claim under Policy Number 56390701, a commercial windstorm and hail insurance policy TWIA issued to the District (the "Policy"). Under the Policy, TWIA "insure[s] for direct physical loss to the covered property caused by windstorm or hail unless the loss is excluded in the Exclusions." The District seeks to recover under the Policy based on alleged damage to its covered property caused by Hurricane Ike.

*TWIA's Invocation of Appraisal under the Policy*

The Policy allows either the District or TWIA to make written demand for an appraisal if the parties cannot agree on the actual cash value, the amount of loss, or the cost of repair or replacement:

> 10. Appraisal. If you and we fail to agree on the actual cash value, amount of loss, or cost of repair or replacement, either can make a written demand for appraisal. Each will then select a competent and independent appraiser and notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two

2

appraisers will choose a competent and independent umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a district court of a judicial district where the loss occurred. The two appraisers will then determine the amount of loss, stating separately the actual cash value and loss to each item.

If the appraisers fail to agree, they will submit their differences to the umpire. An itemized decision agreed to by any two of these three and filed with us will determine the amount of the loss.

Each party will pay its own appraiser and bear the other expenses of the appraisal and umpire equally.

Four months after the District filed suit, TWIA made written demand for appraisal "regarding the actual cash value, amount of loss, or cost of repair or replacement."

*The Appraisal Award*

After an appraisal process that lasted two years and four months, the District's appraiser and the umpire issued an Amended Appraisal Award (the "Award") stating that they had "carefully examined the damages pursuant to the loss described herein above, and/or any evidence thereof," and that they had "determined the following amounts of this loss to the commercial property described in the attached page 'Appraisal Award Summary.'" They stated in the Award that the loss totals determined and awarded by the appraisal panel were $11,203,527.47 in aggregate replacement cost value, $387,560.04 in aggregate depreciation, and $10,815,967.43 in aggregate actual cash value. They included in the Award a list of property items with a stated amount for the replacement cost value, depreciation, and actual cash value for each item. The Award does not expressly address the repair cost for any property item.

Texas courts hold that appraisal awards made under the provisions of an insurance contract are binding and enforceable, and courts indulge every

3

reasonable presumption to sustain an appraisal award.[2] If a party seeks to avoid enforcement of an appraisal award, the party must carry the burden of proving a ground for setting aside the appraisal award.[3] A party seeking to set aside an appraisal award may amend the party's pleadings to assert that the trial court should set aside the award, move the trial court to set aside the award, or respond in opposition to a summary-judgment motion by asserting a ground for setting aside the award and raising a fact issue as to the ground.[4]

*The Live Pleadings Regarding the Award*

The District demanded that TWIA pay the aggregate actual cash value stated in the Award. TWIA refused. In the District's live pleading, the District sought to recover in part based on TWIA's refusal to "pay the appraisal award." In its answer, TWIA sought to avoid enforcement of the Award by asserting various grounds for setting aside the Award. TWIA also asserted various other defenses to the District's breach-of-contract claim.

*The Causation Motion*

In its motion for summary judgment on the causation issue (the "Causation Motion") the District sought an interlocutory summary judgment that, as a matter of law, TWIA is precluded from challenging the determination in the Award that the amount of loss is $10,815,967.43 and that this loss was caused by wind damage. In the Causation Motion, the District asserted the following grounds:

---

[2] *See Zhu v. First Comm'n Ins. Co.*, 543 S.W.3d 428, 433 (Tex. App.—Houston [14th Dist.] 2018, pet. filed); *Franco v. Slavonic Mut. Fire Ins. Ass'n*, 154 S.W.3d 777, 786 (Tex. App.— Houston [14th] 2004, no pet.).

[3] *See Zhu*, 543 S.W.3d at 433; *Lundstrom v. USAA*, 192 S.W.3d 78, 87 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).

[4] *See Zhu*, 543 S.W.3d at 433.

(1)  Appraisal clauses in Texas property-insurance policies provide a method to resolve disputes regarding a covered claim, and, if invoked, these clauses bind the parties to have the extent or amount of loss determined by appraisal.

(2) The Award determined that the "'amount of loss' — what was caused by windstorm and the cost to repair or replace such loss" — was $10,815,967.43.

(3)  The Award is binding and enforceable.

(4)  Because the binding and enforceable Award determined the amount of loss, TWIA is precluded from challenging the amount of loss.

(5)  Because the binding and enforceable Award determined the causation issue, TWIA is precluded from challenging the cause of the amount of loss.

(6) A strong public policy favors enforcement of appraisal clauses. The Award is final and binding and every reasonable presumption should be indulged to sustain an appraisal award.  The party seeking to avoid enforcement of an appraisal award has the burden of proving that the court should not enforce the award.

(7) TWIA can avoid enforcement of the Award only if TWIA can demonstrate that the Award was made without authority, did not comply with the Policy's terms, or resulted from fraud, accident, or mistake.  TWIA cannot demonstrate any of these bases for avoiding enforcement of the Award.

*The Damages Motion*

In its motion for summary judgment on the amount of the loss (the "Damages Motion") the District sought an interlocutory summary judgment that, as a matter of law, TWIA is precluded from challenging the determination in the Award that the amount of loss or the amount of property damage is $10,815,967.43 and that this loss was caused by wind damage.  In the Damages Motion, the District asserted the following grounds:

(1)  Appraisal clauses in Texas property-insurance policies provide a method to resolve disputes regarding a covered claim, and, if invoked,

5

these clauses bind the parties to have the extent or amount of loss determined by appraisal.

(2) The Award determined that the "'amount of loss' caused by windstorm, consistent with the terms of the [P]olicy" was $10,815,967.43.

(3) The Award is binding and enforceable.

(4) Because the binding and enforceable Award determined the amount of loss, TWIA is precluded from challenging the amount of loss.

(5) A strong public policy favors enforcement of appraisal clauses. The Award is final and binding and every reasonable presumption should be indulged to sustain an appraisal award. The party seeking to avoid enforcement of an appraisal award has the burden of proving that the court should not enforce the award.

(6) TWIA can avoid enforcement of the Award only if TWIA can demonstrate that the Award was made without authority, did not comply with the Policy's terms, or resulted from fraud, accident, or mistake. TWIA cannot demonstrate any of these bases for avoiding enforcement of the Award.

*TWIA's Two Summary-Judgment Responses*

TWIA filed responses opposing the Causation Motion and the Damages Motion.[5] In each response, TWIA relied on a substantial amount of summary-judgment evidence, and TWIA asserted various grounds in opposition to the District's motions. In each response, TWIA sought to avoid enforcement of the Award by alleging grounds for setting aside the Award and asserting that the summary-judgment evidence raised a fact issue as to each of these grounds.

*The District's No-Evidence Motion and TWIA's Response*

The District filed a no-evidence motion for summary judgment in which it asserted that the Award is valid and enforceable and the burden is on TWIA to

---

[5] In its response to the Damages Motion, TWIA adopted by reference its response to the Causation Motion.

6

show that the Award should be set aside. The District argued that the trial court may disregard the Award only if TWIA proves one of the following: (1) lack of authority; (2) fraud, accident, or mistake; or (3) lack of substantial compliance with the terms of the contract (collectively, the "Three Grounds"). The District asserted that there is no evidence of each of the Three Grounds.

In its response to the no-evidence motion, TWIA asserted that the trial court should deny the motion because (1) an adequate time for discovery had not passed; (2) almost none of the discovery TWIA needed to respond to the motion had been provided or taken place, and (3) the summary-judgment evidence submitted by TWIA raised a fact issue as to each of the Three Grounds.

*The Trial Court's Three Summary-Judgment Orders*

The trial court signed an order granting the Causation Motion and an order granting the Damages Motion, giving the District the relief sought in each motion.[6] Thus, in its order granting the Causation Motion, the trial court ruled as a matter of law that TWIA was precluded from challenging the determinations in the Award that the amount of loss is $10,815,967.43 and that this loss was caused by wind damage.[7] Likewise, in its order granting the Damages Motion, the trial court determined as a matter of law that TWIA was precluded from challenging the finding in the Award that the amount of loss or the amount of property damage is $10,815,967.43 and that this loss was caused by wind damage.[8]

---

[6] *See WesternGeco, L.L.C. v. Input/Output, Inc.*, 246 S.W.3d 776, 778 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

[7] *See id.*

[8] *See id.* The District asserts that the Award contains a determination or finding that the amount of loss or property damage is $10,815,967.43. By granting the Causation Motion and the Damages Motion, the trial court determined that the Award contains this finding. In this opinion, reference is made to this finding; however, to adjudicate this appeal, the court need not and should not address whether the Award contains this finding.

7

On the same date (August 7, 2015), the trial court also denied the District's no-evidence motion for summary judgment, without specifying the reasons for its denial. On appeal, TWIA asserts in a conclusory manner that the only logical interpretation of the trial court's denial of the no-evidence motion on the same day that the court granted the Causation Motion and the Damages Motion is that the trial court intended for TWIA to proceed to trial on its affirmative defenses to enforcement of the Award. According to TWIA, if the trial court did not intend TWIA to try these defenses to the jury, the trial court would have granted the no-evidence motion.[9]

Though the trial court signed a separate order on each of the three motions, the court signed the orders on the same day, and this court should construe these orders together.[10] In doing so, this court should consider the orders as a whole toward the end of harmonizing and giving effect to all the trial court has written.[11]

For the trial court to have granted the relief in the Causation Motion and the Damages Motion, the trial court would have to have concluded as a matter of law that (1) TWIA was precluded from challenging the finding in the Award that the amount of loss is $10,815,967.43 and that this loss was caused by wind damage; (2) TWIA was precluded from challenging the finding in the Award that the amount of loss or the amount of property damage is $10,815,967.43 and that this loss was caused by wind damage; and (3) the summary-judgment evidence did not raise a genuine fact issue as to any of the Three Grounds that TWIA had asserted

---

[9] TWIA does not present any analysis or citations to legal authorities on this issue.

[10] *See Henderson v. Shanks*, 449 S.W.3d 834, 838 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

[11] *See Constance v. Constance*, 544 S.W.2d 659, 660 (Tex. 1976).

8

in its response.[12] For the trial court to have denied the District's no-evidence motion, the trial court could have concluded that (1) an adequate time for discovery had not passed; (2) almost none of the discovery TWIA needed to respond to the motion had been provided or taken place, or (3) the summary-judgment evidence submitted by TWIA raised a fact issue as to each of the Three Grounds. TWIA did not assert either of the first two grounds in opposition to either the Causation Motion or the Damages Motion, which were traditional summary-judgment motions. Denying the no-evidence motion on either of the first two grounds would not conflict with the trial court's granting of the other two motions. Denying the no-evidence motion on the third ground would conflict with the granting of the Causation Motion and the Damages Motion.

TWIA asserts that the trial court's denial of the no-evidence motion means that the trial court must have found a fact issue as to the Three Grounds and that the trial court did not conclude there was no fact issue on the Three Grounds when the court granted the other two motions. But, to grant the other two motions, the trial court had to enforce the Award as a matter of law, and the trial court could not do so if it found a fact issue as to any of the Three Grounds.[13] Thus, if we were to construe the orders as including an implicit finding of a fact issue as to the Three Grounds, to be tried to the jury, that construction would vitiate the trial court's granting of the Causation Motion and the Damages Motion, and we would fail to harmonize and give effect to all the trial court wrote in the orders.[14]

---

[12] *See Zhu*, 543 S.W.3d at 433 (explaining that trial court cannot enforce appraisal award by summary judgment if the non-movant raises a valid ground for setting aside the award in its response and the summary-judgment evidence raises a fact issue as to that ground); *WesternGeco, L.L.C.*, 246 S.W.3d at 778.

[13] *See Zhu*, 543 S.W.3d at 433.

[14] *See Constance*, 544 S.W.2d at 660.

Instead, this court should construe the orders as granting the relief requested in the Causation Motion and the Damages Motion and as denying the District's no-evidence motion only on the first two grounds TWIA asserted in opposition.[15]  In doing so, the court would construe these trial court orders as a whole toward the end of harmonizing and giving effect to all of the trial court's writings — the trial court's orders granting the Causation Motion and the Damages Motion and its order denying the no-evidence motion.[16]

*The Jury Trial and the Final Judgment*

After a five-day trial, the trial court asked the jury to decide a single issue: "Did Texas Windstorm Insurance Association fail to comply with the agreement entitled Texas Windstorm Insurance Association Policy Windstorm and Hail?" The jury answered, "Yes."  Based on the jury's verdict, the District moved for rendition of judgment; TWIA opposed the motion on various grounds.  The trial court signed a final judgment ordering that the District recover from TWIA actual damages of $8,193,168.85, plus prejudgment interest and attorney's fees.  In rendering the final judgment the trial court relied upon the Award as setting the amount of damages resulting from TWIA's alleged breach of contract, and the trial court deducted from the amount in the Award "prior payments, deductibles, and sales tax."[17]

*TWIA's Appellate Complaints*

In its first appellate issue, TWIA asserts that the trial court erred in granting summary judgment that the Award set the amount of the District's damages caused

---

[15] *See Constance*, 544 S.W.2d at 660; *Henderson*, 449 S.W.3d at 838.

[16] *See Constance*, 544 S.W.2d at 660; *Henderson*, 449 S.W.3d at 838.

[17] The Award included amounts of sales tax that TWIA alleged were erroneously included in the Award.

by the covered peril of wind. TWIA argues that the Award itself did not set the amount of damages caused by wind and that TWIA's summary-judgment evidence did not contain expert testimony or any other evidence conclusively proving this amount. TWIA asserts three other appellate issues.

Texas Rule of Appellate Procedure 38.1(i) requires an appellant's brief to contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.[18] Courts must construe briefs "reasonably yet liberally."[19] Still, courts require the appellant to put forth some specific argument and analysis showing that the record and law support the appellant's contentions.[20] TWIA has not briefed any challenge to the part of the summary-judgment orders in which the trial court determined as a matter of law that TWIA was precluded from challenging the determination in the Award that (1) the amount of loss is $10,815,967.43 and (2) the amount of property damage is $10,815,967.43. TWIA does not mention anything about these trial-court rulings, nor does TWIA present argument in support of the proposition that the trial court erred in granting this relief.[21] By failing to brief any argument as to how the trial court erred in granting this relief, TWIA has waived its ability to obtain a reversal of these parts of the summary-judgment orders.[22] Therefore, the proper course

---

[18] Tex. R. App. P. 38.1(i).

[19] *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004).

[20] *See Deutsch v. Hoover, Bax & Slovacek*, L.L.P., 97 S.W.3d 179, 198–99 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

[21] TWIA offers a conclusory statement that the only logical interpretation of the trial court's denial of the no-evidence motion on the same day the court granted the Causation Motion and the Damages Motion is that the trial court intended for TWIA to go to trial on TWIA's affirmative defenses to enforcement of the Award. This assertion lacks merit for the reasons discussed above. But, in any event, this assertion does not constitute a discussion of the above-referenced trial-court rulings or argument that the trial court erred in granting this relief.

[22] *See Ryan Construction Servs., LLC v. Robert Half International, Inc.*, 541 S.W.3d 294, 301 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

would be for this court to reverse only the part of the summary-judgment orders addressing causation rather than reversing these two orders in their entirety.[23] Doing so would not prevent TWIA from seeking reconsideration of these parts of the trial court's orders on remand. Although TWIA has not briefed any challenge to these parts of the summary-judgment orders, TWIA's arguments under its first issue regarding the causation issue suffice to show reversible error in the trial court's final judgment. Thus, in reversing the trial court's final judgment and remanding for further proceedings, this court should not conclude that the trial court erred in granting the parts of the Causation Motion and the parts of the Damages Motion that TWIA has not challenged on appeal. Because the majority does so, I respectfully dissent.


/s/     Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Boyce and Jewell. (Jewell, J., majority).

---

[23] *See id.*