Affirmed and Memorandum Opinion filed January 15, 2008








Affirmed and Memorandum Opinion filed January 15, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00238-CV

____________

 

BARI WALKER, Appellant

 

V.

 

TRAVELERS INDEMNITY COMPANY A/K/A
TRAVELERS INSURANCE , Appellee

 



 

On Appeal from the 113th
District Court

Harris County, Texas

Trial Court Cause No. 2004-42324B

 



 

M E M O R A N D U M   O P I N I O N

This
appeal involves an automobile insurance coverage case.  Appellant, Bari Walker,
appeals an order denying her motion for summary judgment and granting summary
judgment in favor of appellee, Travelers Indemnity Company A/K/A Travelers
Insurance.  Appellant has also filed a motion for sanctions and to strike
appellee=s responsive brief for alleged
misrepresentations stated in its brief, which has been ordered taken with this
appeal.  We deny the motion for sanctions and affirm.








BACKGROUND

On April
13, 2002, appellant purchased a new 2003 automobile for $39,664.20.  From the
date of its purchase, the automobile was insured by appellee under a standard
Texas personal automobile insurance policy (Athe Policy@).  On August 3, 2002, less than four
months after the purchase, a tree fell on the automobile during a rainstorm. 
The automobile sustained interior and exterior damage and was towed to
Independent Body Paint Shop (AIndependent Body@).  While appellant filed a claim
with appellee and demanded that the automobile be totaled, appellee determined
that the automobile could be restored and elected to repair it.  Appellee
initially estimated the repairs at $8,407.50 and later supplemented the
estimate with an additional $8,494.58.  Thus, appellee=s total damage estimate was
$16,902.08, which appellee paid to appellant.  Although Independent Body
performed certain repairs on the automobile, it was not restored to its
pre-accident condition, and appellant requested additional policy benefits. 
When appellee refused, appellant sued appellee for breach of contract and
extra-contractual claims.[1]  

Appellant
took the automobile to a second body shop, Guidry=s Body Shop, to be inspected. 
Appellant then invoked her right to appraisal pursuant to the terms of the
Policy to resolve the dispute over the amount of the loss.  The appraisal
provision in the Policy states: 

If we and
you do not agree on the amount of loss, either may demand an appraisal of the
loss.  In this event, each party will select a competent appraiser.  The two
appraisers will select an umpire.  The appraisers will state separately the
actual cash value and the amount of loss.  If they fail to agree, they will
submit their differences to the umpire.  A decision agreed to by any two will
be binding . . . .                                                                            

We do not
waive any of our rights under this policy by agreeing to an appraisal.                       








Appellant
chose James Walden as her appraiser, and appellee chose Joe Conwill as its
appraiser.  Walden and Conwill chose J.A. ADoc@ Watson as the umpire.  Watson
determined that the cost to repair the automobile was $25,177.52.  Appellee
disagreed with the $25,177.52 figure because it believed that Watson had
awarded additional money that he was not authorized to award.  Specifically,
appellee contended that Watson arrived at the $25,177.52 figure by adding the
cost of repairing the vehicle, $16,902.08, to the cost of Are-repairing@ the automobile, $8,275.44.  The
latter sum represented the amount necessary to correct substandard work
performed by Independent Body.  Appellee filed a motion to strike the umpire
award on the basis that Watson had awarded an additional $8,275.44 for
re-repairs unrelated to the tree incident.  The trial court denied appellee=s motion.  

Thereafter,
both parties moved for summary judgment.  Appellant argued in her motion that
appellee breached the Policy by failing to pay additional benefits in
accordance with the umpire award.  Appellee argued that the Policy did not
cover the additional $8,275.44 for the re-repairs; therefore, it was only
liable for $16,904.08, which had been paid to appellant.  The trial court
denied appellant=s motion for summary judgment and granted appellee=s motion.  On appeal appellant argues
that (1) there is insufficient evidence supporting the trial court=s decision to set aside the umpire
award, and (2) summary judgment in favor of appellee was improper because it
failed to show that it had performed its obligation under the Policy.  

STANDARD
OF REVIEW








Summary
judgment under rule 166a(c) is proper only when a movant establishes that there
is no genuine issue of material fact and that the movant is entitled to
judgment as a matter of law.  Tex. R. Civ. P. 166a(c); Randall=s Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). 
We review a summary judgment de novo.  Valence Operating Co. v.
Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  A defendant is entitled to
summary judgment if the evidence disproves as a matter of law at least one
element of each of the plaintiff=s causes of action or if the evidence
conclusively establishes all elements of an affirmative defense.  See
Randall=s,
891 S.W.2d at 644.  Where the trial court grants the judgment without
specifying the grounds, we affirm the summary judgment if any of the grounds
presented are meritorious.  FM Props. Operating Co. v. City of Austin,
22 S.W.3d 868, 872-73 (Tex. 2000).

When
both parties, as here, move for summary judgment on the same issues and the
trial court grants one motion and denies the other, the reviewing court
considers the summary judgment evidence presented by both sides, determines all
questions presented, and renders the judgment the trial court should have
rendered.  Dorsett, 164 S.W.3d at 661; FM Props., 22 S.W.3d at
872.   In reviewing a summary judgment, we must indulge every reasonable
inference in favor of the nonmovant and resolve any doubts in its favor.  Randall=s, 891 S.W.2d at 644; Lawson v. B Four Corp.,
888 S.W.2d 31, 33 (Tex. App.CHouston [1st Dist.] 1994, writ denied).  

ANALYSIS

Setting
Aside the Umpire Award

In
appellant=s first issue, she argues that the evidence is insufficient to support
the trial court=s decision to set aside the umpire award.  Appraisal awards
made under the provisions of an insurance contract are binding and enforceable,
and a court will indulge every reasonable presumption to sustain an appraisal
award.  Franco v. Slavonic Mut. Fire Ins. Ass=n., 154 S.W.3d 777, 786 (Tex. App.CHouston [14th Dist.] 2004, no pet.). 
The effect of an appraisal provision is to estop one party from contesting the
issue of damages in a suit on the insurance contract, leaving only the question
of liability for the court.  Id.  Because a court indulges every
reasonable presumption to sustain an appraisal award, the burden of proof is on
the party seeking to avoid the award.  Id.  There are, however, three
situations in which the results of an otherwise binding appraisal may be
disregarded: (1) when the award was made without authority; (2) when the award
was made as a result of fraud, accident, or mistake; or (3) when the award was
not in compliance with the requirements of the policy.  Id.








Appellees=s motion for summary judgment was
premised on the argument that the actual cost to repair the automobile was
$16,902.08, and that the additional $8,275.44 awarded by the umpire for Are-repairs@ was not covered under the Policy. 
According to appellant, however, the $24,275.44 figure relates back to when the
tree fell on the automobile and that the re-repairs were not considered in
calculating the $24,275.44 figure.  To support this argument, appellant relies
on Watson=s affidavit in which he states that he arrived at the total amount from
damages incurred Aat the time the loss was sustained.@  According to appellant, Aat the time the loss was sustained@ refers to the fallen tree incident
and not the time period after the repairs were performed by Independent Body. 

While
the issue raised by appellant is whether the trial court erroneously set aside
the umpire award, the record reflects that the trial court did not strike the
umpire award.  Rather, it sustained the award, comprised of current damages and
the amount needed to make necessary repairs to the automobile.  Subsequently,
the trial court adopted appellee=s coverage argument that it
had fully performed under the Policy by paying $16,902.08.  The trial court
determined this amount to be the extent of appellee=s liability under the Policy.  

This
dispute involves the extent of an umpire=s authority.  There is a distinction
between loss and coverage.  Appraisers have no power or authority to determine
questions of coverage or liability.  See Wells v. American States Preferred
Ins. Co., 919 S.W.2d 679, 684-85 (Tex. App.CDallas 1996, writ denied) (holding
that an appraiser=s power is limited to the function of determining the money
value of the property damage and, therefore, has no authority to determine
questions of coverage or liability).  Watson=s umpire award determines loss and
damages, the Policy determines coverage and liability.[2] 
See id.  Because the trial court sustained the umpire award and appellee
moved for summary judgment on the basis of coverage, the trial court did not
set aside the umpire award.  We overrule appellant=s first issue.           








Coverage
and Full Performance Under the Policy

In
appellant=s second issue, she argues that summary judgment was improper because
appellee failed to show performance of its obligation under the Policy. 
According to appellant, appellee=s argument that the re-repairs were
solely and exclusively the result of Independent Body=s work is a misrepresentation of
fact.  Appellant contends that there were additional necessary repairs not
included in the $16,902.08 figure. Therefore, according to appellant, appellee
failed to pay for the total loss covered by the Policy.  

            Coverage
under an insurance policy is a question of law reviewed de novo.  See
Utica Nat=l Ins. Co. v. Am. Indem. Co., 141 S.W.3d 198, 202 (Tex. 2002). 
The general rules of contract construction govern insurance policy
interpretation.  State Farm Life Ins. Co. v. Beaston, 907 S.W.2d 430,
433 (Tex. 1995).  Here, the relevant portions of the Policy state:

We will pay
for direct and accidental loss to your covered auto . . . .

. . . . 

Our limit of liability for loss will be the lesser of
the:

1.         Actual cash value of the
stolen or damaged property;

2.         Amount necessary to repair or replace the property with
other of like kind and quality . . . .

 

The
coverage provided by the Policy includes loss from a collision or a direct
accident, with the exception of specific exclusions not relevant to appellant=s loss.  The Policy specifically
defines collision as Athe upset, or collision with another object.@  The necessity of re-repairs due to
shoddy work does not constitute a collision as defined under the Policy. 
Furthermore, the defective work performed by Independent Body is not a direct
accident under the Policy.  Though appellant contends that there were
additional repairs needed not included in Wilson=s initial estimate of $16,902.08,
there is competent summary judgment evidence to the contrary.  








Watson
indicates in his official umpire report:

The very complete review by Guidry=s
of the after-repair condition of this vehicle lists a plethora of defects
needing re-repair.  The estimate of re-repairs needed of $8,274.44 is accepted
. . . Using Mr. Wilson=s total estimate of $16,902.08 plus the re-repair
estimate of Guidry=s of $8,275.44 together determine a total loss of
$25,177.52 . . . .

 

The
umpire report reveals that Watson itemized his total award of $25,177.52 in two
parts: (1) $8,274.44 for Adefects needing re-repair@ due to the Aafter repair condition of this
vehicle@ and (2) $16,902.08 for Mr. Wilson=s initial estimate for the damage
caused by the fallen tree.  The Policy does not cover the additional award of
$8,274.44.

Appellant
also relies on Watson=s affidavit which states that he arrived at the total amount
from damages incurred Aat the time the loss was sustained.@ However, there is no evidence
establishing that the Aloss@ mentioned here by Watson included only damages sustained at
the time the tree fell on the automobile and not at the time he inspected it,
which was after Independent Body performed the inadequate repairs.  As a matter
of law, the Policy did not cover damages resulting from the substandard work
performed by Independent Body; only damages from the fallen tree were covered
by the Policy.  There is summary judgment evidence establishing that the extent
of damages incurred by the fallen tree was $16,902.08.  It is undisputed that
appellee paid this amount to appellant.  Accordingly, summary judgment was
proper on the issue of coverage and full performance by appellee under the Policy.[3] 
We overrule appellant=s second issue.








We also deny appellant=s motion for sanctions, which was taken with the case. 
Appellant moves for sanctions and to strike appellee=s responsive brief on the basis that
appellee (1) acted in bad faith when it advanced the argument that the umpire
award was bifurcated in two amountsB $16,902.06 and $8,274.44, (2) gave
false testimony when counsel read the umpire report as if it was the umpire
award, (3) misrepresented the dates between appellee=s first estimate of $8,407.50 and
supplemental estimate of $8,494.58, and (4) withheld information regarding
necessary and fundamental safety repairs needed, but not paid by appellee.  Rule 52.11 of
the Texas Rules of Appellate Procedure provides that we may impose sanctions
upon a party who grossly misstates or omits an obviously important and material
fact in the petition or response.  See Tex. R. App. P. 52.11.  Appellee=s argument that
the umpire award was comprised of $16,902.06 for damages related to the fallen
tree and $8,274.44 for re-repairs is supported by the evidence, including the
umpire report.  Therefore, the argument does not constitute a
misrepresentation.  Additionally, misstating the dates of appellee=s initial and
supplemental estimates does not constitute Agrossly misstating
obviously important and material facts@ under rule 52.11. 
See id.  The record does not reveal that appellee misrepresented the
umpire report as the umpire award.  Nor does it reflect that appellee withheld
information regarding unpaid repairs necessary to restore the automobile.  We
deny appellant=s motion for sanctions and to strike appellee=s responsive
brief.

We affirm the trial court=s judgment.

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

Judgment rendered
and Memorandum Opinion filed January 15, 2008.

Panel consists of
Chief Justice Hedges, Justice Anderson, and Senior Chief Justice Murphy.*

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 

*Senior Chief
Justice Paul C. Murphy sitting by assignment.









[1]   Although appellant later added Independent Body as
a defendant for breach of contract, breach of warranty, fraud, and deceit for
shoddy repairs, Independent Body is not a party to the instant appeal. 
Appellant=s claims against Independent Body were severed from
this case and are still pending in the trial court.                                  





[2]  Watson also indicated in a February 23, 2006 letter
that he did not consider coverage when making  the appraisal award.





[3]  Appellant also contends that Texas law does not
exclude coverage for re-repairs where the repair election was inappropriate,
the insurer underpaid for the repair, or the insurer otherwise contributed to
the inadequacy of the repairs.  However, appellant cites no authority
supporting this contention.  See Tex. R. App. P. 38.1(h).