**Petition for Writ of Mandamus Conditionally Granted and Opinion filed July 30, 2019.**



In The

# Fourteenth Court of Appeals

---

NO. 14-19-00490-CV

---

## IN RE AUTO CLUB INDEMNITY COMPANY, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Cause No. 1111475**

---

## OPINION

The relator in this original proceeding is Auto Club Indemnity Company ("AAA"). AAA is an insurer that issued a home insurance policy to Angie and Jay Lee ("the Lees"). AAA filed a petition for writ of mandamus asking this court to compel the Honorable George Barnstone, presiding judge of the County Civil Court

at Law No. 1 of Harris County, to vacate his March 26, 2019 order, which set aside an appraisal award of $0 as the amount of loss to the Lees' property.

We conditionally grant relief because no evidence supports the trial court's setting aside the appraisal award.

## FACTUAL AND PROCEDURAL BACKGROUND

The Lees sent AAA a demand letter, alleging that as a result of an insured peril, they suffered significant damages to their home. The demand letter requested an appraisal of the amount of the loss as provided for by the Lees' insurance policy.

On June 6, 2018, the Lees filed suit against AAA alleging an action for breach of contract and demanding an appraisal.

AAA sent a letter responding to these claims dated June 8, 2018. The letter points out that the Homeowners Policy at issue provides:

**SECTION I – PERILS INSURED AGAINST**
**COVERAGE A (DWELLING)** . . .

We insure against physical loss to the property described in Coverage A (Dwelling) and Coverage B (Personal Property) caused by a peril listed below, unless the loss is excluded in Section 1.

Exclusions:

. . .

3. **Windstorm, Hurricane and Hail.**

   This peril does not cover:

. . .

   b. loss caused by rain, snow, sand or dust, whether or not driven by wind, unless the direct force of wind or hail makes an opening in

2

the roof or wall and the rain, snow, sand or dust enters through this opening and causes the damage.

The letter takes the position that interior damage due to windstorm, hurricane, or hail is not covered unless the damage is caused by water entering through a storm created opening. The letter states that AAA did not observe a storm created opening during its inspections, and the Lees have not provided any photos or a report reflecting the existence or location of a storm created opening. The letter states that the damages AAA found were due to the following conditions, which pre-existed the storm:

> During its investigation of these prior claims, AAA observed and noted that any damage to the roof was the result of wear and tear, damage because of a tree limb rubbing on the roof, an open nail hole, and deteriorated masonry at the base of the chimney – which is situated in the vicinity of the claimed interior water damage.

The Lees filed a motion to compel an appraisal and to abate the suit during the appraisal process. AAA filed a response objecting to appraisal as premature and requesting, among other things, an order permitting AAA to re-inspect the property and an examination under oath. On August 3, 2018, the trial court signed an order compelling an appraisal but also granting AAA most of the relief it requested.

AAA designated Randall Taylor as its appraiser. The Lees designated Scott Berkenkamp as their appraiser. Because the parties' designated appraisers could not agree, they selected an umpire to complete the appraisal process, Randy LeBlanc.

On February 6, 2019, LeBlanc met with the parties' designated appraisers and inspected the property. On March 4, 2019, LeBlanc and the appraiser designated by AAA, Taylor, issued an appraisal award in which they certified that they conscientiously

3

performed the duties assigned to them and have appraised the value of all losses presented. The appraisal award summarizes the damages and their causes as follows:

> AllStar [LeBlanc] met with the Appraisers and inspected the roof and exterior of risk. AllStar found NSR [no storm-related] damages to the risk due to hail or wind that would warrant replacement. Note that the area damaged by water intrusion is due to the flashing that has been improperly installed. The flashing is loose and not caulked properly, allowing water intrusion when it rains. We also documented the rear slope on garage, showing damages due to tree rub.

> AllStar documented the interior of the risk and found damage due to water intrusion around chimney crown cap (mortar cracked due to age) and improper flashing. We also noted settlement issues within the home.

In the appraisal award, LeBlanc and Taylor found the actual cash value and replacement cost of the loss to be $0 and awarded $0. As support, eighty-four (84) photos of various parts of the house are attached to the appraisal award.

The Lees filed a motion to set aside the appraisal award, to which AAA responded. After a hearing at which no testimony was offered, the trial court signed an order setting aside the appraisal award.

## MANDAMUS STANDARD

To obtain mandamus relief, a relator generally must show both that the trial court clearly abused its discretion and that relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In*

4

*re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). "Under an abuse of discretion standard, we defer to the trial court's factual determinations if they are supported by evidence, but we review the trial court's legal determinations de novo." *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding). "The relator must establish that the trial court could reasonably have reached only one decision." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). "Even if the reviewing court would have decided the issue differently, it cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable." *Id*.

## ANALYSIS

### A. Abuse of Discretion

"Appraisal awards made under the provisions of an insurance contract are binding and enforceable, and a court will indulge every reasonable presumption to sustain an appraisal award." *Lundstrom v. United Servs. Auto Ass'n-CIC*, 192 S.W.3d 78, 87 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). "Because a court indulges every reasonable presumption to sustain an appraisal award, the burden of proof is on the party seeking to avoid the award." *Id*. "There are, however, three situations in which the results of an otherwise binding appraisal may be disregarded: (1) when the award was made without authority; (2) when the award was made as a result of fraud, accident, or mistake; or (3) when the award was not in compliance with the requirements of the policy." *Id*.; *Franco v. Slavonic Mut. Fire Ins.*, 154 S.W.3d 777, 786 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

5

In their motion to set aside the appraisal award, the Lees, who had the burden of proof, argued that the award should be set aside because: (1) "the appraisal is not an honest assessment of the damages", and (2) "Defendant's appraiser and the umpire acted outside the scope of their authority by rendering coverage decisions instead of simply determining the amount of loss." The Lees did not contend that the award was not in compliance with the requirements of the policy. The only evidence the Lees offered in support of their motion was the appraisal award.

As to the Lees' first contention, there is no evidence in the appraisal award that LeBlanc and Taylor made their award as a result of fraud or that their award was not an honest assessment. Their award of $0 is consistent with their findings that the damages they found pre-existed the storm or were caused by pre-existing conditions.

Next, the Lees argue that LeBlanc and Johnson acted outside the scope of their authority by rendering coverage decisions instead of determining the amount of the loss, and that this is shown by the fact that they awarded $0, even though they found damage to the house. Implicit in the Lees' argument is that appraisers lack authority to determine whether the damages pre-existed the storm or were caused by pre-existing conditions.

This argument was rejected by the Texas Supreme Court in *State Farm Lloyds v. Johnson*, 290 S.W.3d 886 (Tex. 2009). The supreme court stated, "the scope of appraisal is damages, not liability." *Id*. at 890. But "[e]ven if the parties' dispute involves causation, that does not prove whether it is a question of liability or damages." *Id*. at 891. The supreme court set forth the following standards for determining whether a causation dispute is a question of liability for the courts to decide or a question of damages for the appraisers to decide:

6

In the abstract, it is hard to say whether causation is more a question of liability or damages.

But in actual cases, causation usually falls into one category or the other. Thus, when different causes are alleged for a single injury to property, causation is a liability question for the courts. For example, in *Wells v. American States Preferred Insurance Co.*, appraisers assessed foundation damage due to plumbing leaks (a covered peril) as "0" but damage due to settling (an excluded peril) as $22,875.94.31. The Dallas Court of Appeals set aside the appraisal, holding appraisers could decide the amount of damage but not what caused it. Appraisers can decide the cost of repairs in this context, but if they can also decide causation there would be no liability questions left for the courts.

By contrast, when different types of damage occur to different items of property, appraisers may have to decide the damage caused by each before the courts can decide liability. . . .

**The same is true when the causation question involves separating loss due to a covered event from a property's pre-existing condition**. Wear and tear is excluded in most property policies (including this one) because it occurs in every case. If State Farm is correct that appraisers can never allocate damages between covered and excluded perils, then appraisals can never assess hail damage unless a roof is brand new. That would render appraisal clauses largely inoperative, a construction we must avoid.

**Indeed, appraisers must always consider causation, at least as an initial matter**. An appraisal is for damages caused by a specific occurrence, not every repair a home might need. **When asked to assess hail damage, appraisers look only at damage caused by hail**; they do not consider leaky faucets or remodeling the kitchen. When asked to assess damage from a fender-bender, they include dents caused by the collision but not by something else. **Any appraisal necessarily includes some causation element, because setting the "amount of**

**loss" requires appraisers to decide between damages for which coverage is claimed from damages caused by everything else**.

*Id*. at 892–93 (emphasis added). Thus, *Johnson* is clear that when different types of damage occur to different items of property, appraisers have authority to consider causation and to separate loss due to a covered event from a property's pre-existing condition.

Our court has interpreted *Johnson* as recognizing that: (1) appraisals necessarily include a causation element because setting the amount of loss requires appraisers to decide between damages for which coverage is claimed from damages caused by everything else, and (2) appraisers may separate loss due to a covered event from a property's pre-existing condition. *See Texas Windstorm Ins. Ass'n v. Dickinson Indep. Sch. Dist*., 561 S.W.3d 263, 276 (Tex. App.—Houston [14th Dist.] 2018, pet. filed).

Federal courts have likewise interpreted *Johnson* as holding that appraisers act within their authority when they distinguish damage caused by pre-existing conditions from damage caused by the storm. *See TMM Investments, Ltd. v. Ohio Cas. Ins. Co*., 730 F.3d 466, 474–75 (5th Cir. 2013) (reversing an order setting aside the appraisal award because, under *Johnson*, it was entirely appropriate for the appraisers to consider whether damage was caused by pre-existing conditions, as they did); *MLCSV10 v. Stateside Enterprises, Inc*., 866 F. Supp. 2d 691, 705 (S.D. Tex. 2012) (The appraiser's causation evaluation of the damage to the roof "involved no more than 'separating loss due to a covered event from a property's pre-existing condition.' Under Texas law, such a causation determination relates to

8

damages and is properly addressed by the appraisers.") (citing and quoting in part *Johnson*, 290 S.W.3d at 892–93).

In the appraisal award, LeBlanc and Taylor found only damages that were pre-existing or caused by pre-existing conditions, such as improperly installed flashing, tree rub, and mortar cracked due to age. As the Texas Supreme Court held in *Johnson*, LeBlanc and Taylor had authority to determine, as they did, whether the damages they found were pre-existing or caused by a pre-existing condition. The appraisal award does not show that LeBlanc and Taylor acted outside of the scope of their authority.

Because the record contains no evidence that the appraisal award was a result of fraud or was made without authority, we conclude that the trial court failed to correctly apply the law to the facts and clearly abused its discretion by setting the appraisal award aside.

## B. No Adequate Remedy by Appeal

The Texas Supreme Court has held that a trial court's abuse of discretion in failing to enforce an appraisal clause cannot be adequately remedied by appeal. *See In re Allstate Cty. Mut. Ins. Co.*, 85 S.W.3d 193, 196 (Tex. 2002) (orig. proceeding). The supreme court explained: "In *Walker v. Packer*, this Court reaffirmed the principle that 'an appeal will not be an adequate remedy where the party's ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial court's discovery error.' A refusal to enforce the appraisal process here will prevent the defendants from obtaining the independent valuations that could counter at least the plaintiffs' breach of

contract claim. We conclude that the failure to order the appraisals will vitiate or severely compromise the defendants' defenses to those claims." *Id*. Similarly, our court has recognized that denial of an appraisal vitiates or severely compromises the defendant's ability to defend a breach-of-contract claim and that the relator therefore does not have an adequate remedy by appeal for such denial. *See In re Sec. Nat. Ins. Co*., No. 14-10-00009-CV, 2010 WL 1609247, at \*6 (Tex. App.—Houston [14th Dist.] Apr. 22, 2010, orig. proceeding) (mem. op.) (citing *In re Allstate County Mut. Ins. Co*.).

We see no material difference between a trial court's improper refusal to enforce an appraisal clause and a trial court's improper setting aside an appraisal award—they both may vitiate or severely comprise the defendant's ability to defend against the plaintiff's breach of contract claim. The appraisal award's finding of pre-existing conditions and a loss of $0 provides AAA a defense that was vitiated or severely compromised by the setting aside of the award. Accordingly, we conclude that AAA lacks an adequate remedy by appeal when, as here, the trial court abused its discretion by setting aside an appraisal award of $0.[1]

## CONCLUSION

For the above reasons, we conditionally grant the petition for writ of mandamus, and direct the trial court to vacate its March 26, 2019 order setting aside

---

[1] We note that in *In re Thuy Tran*, No. 01-17-00413-CV, 2017 WL 2979961 (Tex. App.—Houston [1st Dist.] July 13, 2017, orig. proceeding) (per curiam) (mem. op.), the First Court of Appeals denied a petition for writ of mandamus seeking to vacate an order setting aside an appraisal award because it concluded that the relator had an adequate remedy by appeal. However, the First Court's opinion does not reflect that it considered the supreme court's decision in *In re Allstate County Mutual Insurance Co*., 85 S.W.3d at 196, and whether the setting aside of the appraisal award severely compromised the relator's defense.

10

the appraisal award. We are confident the trial court will act in accordance with this opinion. The writ of mandamus shall issue only if the trial court fails to do so.[2]


/s/      Jerry Zimmerer
         Justice

Panel consists of Justices Christopher, Bourliot, and Zimmerer.

---

[2] On July 23, 2019, AAA filed a motion for temporary relief, asking our court to stay the trial court's order setting the matter for a jury trial the week of August 19, 2019, and all proceedings in the trial court, pending our court's decision on the petition for writ of mandamus. *See* Tex. R. App. P. 52.10(a). Because we have granted the petition and, as a result, the mandamus proceeding is no longer pending, we deny the motion for temporary relief as moot.